## *INTRODUCTION*

Members of the jury, it is now time for me to give you your instructions as to the law that applies to this case and the evidence that has been presented. After I have given you these instructions, I will ask you to return to the jury room to begin your deliberations. It is your sworn duty to base your verdict upon the law given in these instructions and upon the evidence that has been admitted in this trial.

I will begin by instructing you on the general rules governing your consideration of this criminal case. I will then instruct you as to the specific law that you are to apply given the charges in this specific case. Finally, I will offer some instructions regarding the procedures you will follow while deliberating.

I will provide you with a copy of my instructions, so you need not take notes; just listen carefully. During your deliberations, you may, if you want to, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note. I will give you instructions on how to do that at the end of these instructions. The copy of these instructions that will be given to you will be returned to me when you render your verdict.

Let me start with some information about our respective functions. My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case.

It is your duty to accept the law as I instruct you. As I said, you should consider all the instructions as a whole. You may not ignore or refuse to follow any of them.

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

You should determine the facts without prejudice, fear, sympathy, or favoritism. You should not be improperly influenced by anyone's race, ethnic origin, or gender. Decide the case solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide the case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your sole and exclusive responsibility.

If any reference by me or the attorneys to the evidence is different from your own memory of the evidence, it is your memory that should control during your deliberations.

## *EVIDENCE*

During your deliberations, you may consider only the evidence properly admitted at trial. The evidence in this case consists of the sworn testimony of the witnesses, the exhibits that were admitted into evidence, and the facts stipulated to by the parties.

During the trial, you were told that the parties had stipulated—that is, agreed—to the dates of birth of Charles Hillie, Jaden, and Janika. You should consider any stipulation of fact to be undisputed evidence.

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in light of your experience. You should give any evidence such weight as in your judgment it is fairly entitled to receive.

The statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence. Similarly, the questions of the lawyers are not evidence.

The indictment is merely the formal way of accusing a person of a crime. You must not consider the indictment as evidence of any kind—you may not consider it as any evidence of Charles Hillie's guilt or draw any inference of guilt from it.

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven he is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require Charles Hillie to prove his innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of an offense with which Mr. Hillie is charged, it is your duty to find him guilty of that offense. On the other hand, if you find the government has failed to prove any element of an offense beyond a reasonable doubt, it is your duty to find Mr. Hillie not guilty of that offense.

The government has the burden of proving Charles Hillie guilty beyond a reasonable doubt. In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable. In criminal cases such as this one, the government's proof must be more powerful than that. It must be beyond a reasonable doubt. Reasonable doubt, as the name implies, is a doubt based on reason—a doubt for which you have a reason based upon the evidence or lack of evidence in the case. If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful thought and reflection, to hesitate to act in the graver or more important matters

2

in life. However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason. The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen. Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up. His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial. You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

One of the questions you were asked when we were selecting this jury was whether the nature of the charges itself would affect your ability to reach a fair and impartial verdict. We asked you that question because you must not allow the nature of a charge to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side. Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe. You might find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side or you might find the opposite.

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. You must not hold such objections against the lawyer who made them or the party he or she represents. It is the lawyers' responsibility to object to evidence that they believe is not admissible.

3

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been. If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer and they should play no part in your deliberations.

In determining whether the government has proved the charges against the defendant beyond a reasonable doubt, you must consider the testimony of all the witnesses who have testified.

You are the sole judges of the credibility of the witnesses. You alone determine whether to believe any witness and the extent to which a witness should be believed. Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

You may consider anything that in your judgment affects the credibility of any witness. For example, you may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had a full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, or friendship or hostility toward other people concerned with this case.

In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including any circumstances that would impair or improve the witness's ability to remember the event, the time that elapsed between the event and any later recollections of the event, and the circumstances under which the witness was asked to recall details of the event.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or transaction may see or hear it differently; an innocent mis-recollection, like a failure of recollection, is not an uncommon experience. In weighing the effect of the inconsistency or discrepancy, always consider whether it pertains to a matter of important or unimportant detail, and whether the inconsistency or discrepancy results from innocent error or intentional falsehood.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other credible evidence.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

You have heard the testimony of Jaden, a child witness. As in the case of all other witnesses, you are the sole judges of Jaden's credibility. In evaluating Jaden's credibility, you may consider the same factors that you use in evaluating the testimony of any witness. However, you may also consider other factors, such as her age, her ability to distinguish truth from falsehood and to understand the seriousness of her testimony, and her ability to understand and to answer those questions. You should give her testimony as much weight as in your judgment it deserves.

A police officer's testimony should be evaluated by you just as any other evidence in the case. In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because he or she is a police officer.

Every defendant in a criminal case has an absolute right not to testify. Charles Hillie has chosen to exercise this right. You must not hold this decision against him, and it would be improper for you to speculate as to the reason or reasons for his decision. You must not assume the defendant is guilty because he chose not to testify.

Ordinarily, a witness may not testify to his opinions or conclusions. There is an exception for expert witnesses, who are allowed to give opinions, and the reasons for them, because they have become expert in some art, science, profession, or calling.

In this case, John Marsh has testified as an expert. You are not bound by an expert's opinion. If you find that the opinion is not based on sufficient education or experience, that the reasons supporting the opinion are not sound, or that the opinion is outweighed by other evidence, you may completely or partially disregard the opinion. You should consider this evidence with all other evidence in the case and give it as much weight as you think it fairly deserves.

You heard evidence from several witnesses that Jaden and Janika reported to them and others that they were sexually abused by Charles Hillie. As I told you during the presentation of evidence, this evidence was admitted only to show that these statements were made. Therefore, to the extent that you accept that the statements were made, you must consider them only for that limited purpose and not for any other purpose, and you cannot consider the statements as proof of whether or not the statements were actually truthful.

The law treats prior inconsistent statements differently depending upon the circumstances in which they were made. I will now explain how you should evaluate these statements.

You have heard evidence that Jaden and Janika made statements on earlier occasions, when they were not under oath, and that these statements may be inconsistent with their testimony here at trial. It is for you to decide whether the witness made such a prior statement and whether in fact it was inconsistent with the witness's testimony here. If you find such an inconsistency, you may consider the earlier statement in judging the credibility of the witness, but you may not consider it as evidence that what was said in the earlier statement was true.

You also heard evidence that Janika made earlier statements under oath, subject to the penalty of perjury at a grand jury proceeding, and that these statements may be inconsistent with her testimony here at trial. If you find that the earlier statement is inconsistent with the witness's testimony here in court, you may consider this inconsistency in judging the credibility of the witness. However, unlike statements not made under oath, you also may consider these earlier statements as evidence that what was said in the earlier statement was true.

You have heard evidence that Janika made a statement on an earlier occasion and that that statement may be consistent with her testimony here at trial. This earlier statement was brought to your attention to help you in evaluating the credibility of the witness. If you find that the earlier statement is consistent with the witness's present testimony in court, you may consider this consistency in judging the credibility of the witness here at trial. It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact consistent with the witness's in-court testimony here.

The United States has introduced into evidence six videos, Government's Exhibits 4, 5, 6, 7, 8, and 9, which Investigator Marsh testified were extracted from the pink laptop that is Government's Exhibit 3. You have heard testimony that clips were made from those videos, and you have seen those clips. In your deliberations, you must consider each video in its entirety as the evidence in this case. The clips were only shown as an aid during witness testimony.

You have heard evidence that Charles Hillie physically assaulted Jaden when she tried to tell her mother that Mr. Hillie had come into the bathroom while Jaden was using it. It is up to you to decide whether to believe that evidence.

If you find that Mr. Hillie physically assaulted Jaden, you may use this evidence only for the limited purpose of deciding whether the assault helps to explain how Jaden and Janika responded, or deciding whether the assault is probative of Mr. Hillie's intent, plan, knowledge, or absence of mistake.

You may not use this evidence for any other purpose. Mr. Hillie is only on trial for the crimes charged. He is not charged in this case with any offense relating to physically assaulting Jaden, and the law does not allow you to convict him simply because you believe he may have done bad things that are not specifically charged as crimes in this case.

You have heard evidence that Charles Hillie may have exposed his penis to Jaden and demanded that she touch it. Mr. Hillie is not charged with this conduct. You may consider this evidence only if you find it is more likely true than not true. You decide that, by considering all of the evidence and deciding what evidence is more believable. This is a lower standard of proof than beyond a reasonable doubt.

If you find that these offenses have not been proved, you must disregard them. If you find that these offenses have been proved, you may consider them to help you decide any matter to which they are relevant. You should give them the weight and value you believe they are entitled to receive, but remember, Mr. Hillie is only on trial for the crimes charged. You may not convict a person simply because you believe he may have committed similar acts that have not been charged.

Someone's intent ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's intent from the surrounding circumstances. You may consider any statement made or acts done by Charles Hillie, and all other facts and circumstances received in evidence which indicate his intent.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts he intentionally did or did not do. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that Mr. Hillie acted with the necessary state of mind.

The indictment charges that the offenses were committed "on or about" a range of dates. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the dates alleged.

## *SUBSTANTIVE OFFENSES*

I will now move on to instruct you regarding the specifics of the offenses alleged in this case. At the beginning of the trial, I described to you the seventeen counts in the indictment filed in this case. I also gave you a brief summary of the elements of those counts, which are the specific facts that the government had to prove beyond a reasonable doubt in order for you to find the defendant guilty. During the course of the trial, one of the charged counts was resolved, and I will not be presenting it to you for

your consideration. I will now read the remaining sixteen counts in the indictment, and I will instruct you on the elements of each of the offenses charged as I describe the charges.

### Counts One & Two

Counts One and Two of the indictment charge Charles Hillie with Sexual Exploitation of a Minor. Specifically, for Count One, the indictment alleges that

> Between on or about July 1, 2008, and on or about August 30, 2010, in the District of Columbia, the defendant, Charles Hillie, did knowingly and intentionally employ and use Janika, a female minor between eleven and thirteen years of age, to engage in sexually explicit conduct, that is, the lascivious exhibition of Janika's genital and pubic area, for the purpose of producing any visual depiction of such conduct, by Charles Hillie's surreptitious recording of Janika in the bedroom of Janika's residence, depicted in the video file entitled 602521600_987648306.3gp, and the visual depiction was produced or transmitted using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer.

For Count Two, the indictment alleges that

> Between on or about July 1, 2008, and on or about August 30, 2011, in the District of Columbia, the defendant, Charles Hillie, did knowingly and intentionally employ and use Janika, a female minor between eleven and fourteen years of age, to engage in sexually explicit conduct, that is, the lascivious exhibition of Janika's genitalia and pubic area, for the purpose of producing any visual depiction of such conduct, by Charles Hillie's surreptitious recording of Janika in the bathroom of Janika's residence, depicted in the video file entitled 846651392_1015183410.3gp, and the visual depiction was produced or transmitted using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer.

These two counts allege that Mr. Hillie violated the same statute on two different occasions. I am now going to list the elements that apply to these two counts, and define them. The same elements that apply to Count One also apply to Count Two. I will not repeat them twice, but you should remember that the government must prove these elements with respect to each count. The elements of Sexual Exploitation of a Minor are:

1.  That Charles Hillie did employ or use Janika to engage in sexually explicit conduct, that is the lascivious exhibition of the genitals or pubic area of Janika, for the purpose of producing a visual depiction of such conduct; and

2.  At the time, Janika was a minor; and

3.    That the visual depiction was either produced or transmitted using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce, including by a computer.

The government must prove each of these elements beyond a reasonable doubt with respect to each of the two counts.

If you find from your consideration of all of the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to Count One or Count Two, then you must find Mr. Hillie not guilty of that charge. If you find that the government has proven all of these elements beyond a reasonable doubt as to Count One or Count Two, then you must find Mr. Hillie guilty of that charge.

Now I will give you some definitions pertaining to the elements language I just read.

### Producing

"Producing" means producing, directing, manufacturing, issuing, publishing, or advertising.

### Used Or Employed

In this context, the element of "employing" or "using" a person to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct is fully satisfied if a child is photographed or videotaped in order to create pornography.

### Sexually Explicit Conduct

The statute defines "sexually explicit conduct" in various ways. With respect to the conduct that is charged in this case, "sexually explicit conduct" means the lascivious exhibition of the genitals or pubic area of any person.

### Lascivious Exhibition

"Lascivious" means exciting sexual desires or salacious. And "lascivious exhibition" means indecent exposure of the genitals or pubic area, usually to excite lust. Not every exposure of the genitals or pubic area is a lascivious exhibition, and the fact that a minor is depicted nude, on its own, is not enough for that visual depiction to qualify as a lascivious exhibition. But, for an image to constitute a lascivious exhibition, the minor is not required to exhibit lust, wantonness, or sexual coyness, and the image need not depict overt sexual activity or behavior.

You must determine whether the visual depiction is lascivious based on its overall content. In deciding whether a visual depiction is a lascivious exhibition, you may consider these factors:

1.    whether the focal point of the visual depiction is on the minor's genitalia or pubic area;

2.    whether the setting of the depiction appears to be sexually inviting or suggestive – for example, in a location or in a pose associated with sexual activity;

3.   whether the minor appears to be displayed in an unnatural pose or in inappropriate attire;

4.   whether the minor is partially clothed or nude;

5.   whether the depiction appears to convey sexual coyness or an apparent willingness to engage in sexual activity; or

6.   whether the depiction appears to have been intended or designed to elicit a sexual response in the viewer.

This list is not exhaustive, and a visual depiction need not satisfy all of these factors or any particular factor to be deemed a lascivious exhibition. Instead, these factors are meant to guide you in determining whether the depiction is a lascivious exhibition of the genitalia or pubic area as you consider the overall content of the material. It is for you to decide the weight or lack of weight to be given to any of these factors.

### "For The Purpose Of"

It is not enough for the government to simply show that Mr. Hillie created the visual depictions on purpose. In order to prove that Mr. Hillie acted "for the purpose of" producing a visual depiction of a minor engaged in sexually explicit conduct, the government must show beyond a reasonable doubt that Mr. Hillie's actions were motivated by the intent of producing child pornography. The government is not required, however, to prove Mr. Hillie was single-minded in his purpose, or that the only motivating factor for his conduct was the production of child pornography. You may infer Mr. Hillie's purpose from his conduct and any other circumstances that you deem relevant.

### Interstate or Foreign Commerce

"Interstate or foreign commerce" includes commerce between any states, or between any state and the District of Columbia, or between any part of the United States and any place outside the United States, including by computer.

The local or intrastate production of visual depictions of a minor engaged in sexually explicit conduct with a computer, a cell phone, or a camera that traveled in interstate or foreign commerce is part of an economic class of activities that substantially affect interstate or foreign commerce. The fact that a computer hard drive that is used in producing child pornography once traveled in interstate or foreign commerce is sufficient to satisfy the commerce element.

The government does not have to prove that Mr. Hillie knew that the materials used to produce the visual depiction moved in interstate or foreign commerce.

### Minor

"Minor" means any person younger than 18 years old.

## Visual Depiction

The term "visual depiction" includes data stored on a computer media or by other electronic means that can be converted into a visual image, whether or not stored in a permanent format.

## Count Three

I will now move on to discuss Count Three. Count Three of the indictment charges Charles Hillie with Possession of Child Pornography. Specifically, the indictment alleges that

> Between on or about July 1, 2008, and on or about August 30, 2011, in the District of Columbia, the defendant, Charles Hillie, did knowingly possess on a Dell laptop the video file entitled 602521600_987648306.3gp and the video file entitled 846651392_1015183410.3gp, which were produced using materials that had been mailed or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, including by computer, and the production of such visual depictions involved the use of Janika, a minor female between eleven and fourteen years of age, engaging in sexually explicit conduct, that is, the lascivious exhibition of Janika's genitalia and pubic area, and such visual depictions were of such conduct.

The elements of this count, each of which the government must prove beyond a reasonable doubt, are:

1. That Mr. Hillie knowingly possessed material containing one or more visual depictions;

2. The visual depictions involved the use of a minor engaged in sexually explicit conduct;

3. Mr. Hillie knew that the material contained such visual depictions of a minor and knew that the visual depictions were of such minor engaged in sexually explicit conduct; and

4. Such visual depictions were produced using materials that had been shipped or transported in or affecting interstate or foreign commerce by any means, including by a computer.

If you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to Count Three, then you must find Mr. Hillie not guilty of that charge. If you find that the government has proven all of these elements beyond a reasonable doubt as to Count Three, then you must find Mr. Hillie guilty of that charge.

## Affirmative Defense

If you find that the government has proved beyond a reasonable doubt each element of Count Three, you should go on to consider whether Mr. Hillie meets the elements of the affirmative defense. Mr. Hillie has the burden of proving that he meets the elements

of the affirmative defense by a "preponderance of the evidence," which is a lower standard than "beyond a reasonable doubt." This means that Mr. Hillie must show that it is more likely than not that he:

1. Possessed less than three matters containing any visual depiction proscribed by this charge; and

2. Promptly and in good faith, and without retaining or allowing any person, other than a law enforcement agency, to access any visual depiction or copy thereof—

   a. Took reasonable steps to destroy each such visual depiction; or

   b. Reported the matter to a law enforcement agency and afforded that agency access to each such visual depiction.

If you find that Mr. Hillie has proven the elements of his affirmative defense by a preponderance of the evidence, you must find him not guilty of possession of child pornography. If you find that Mr. Hillie has not proven the elements of his affirmative defense by a preponderance of the evidence, and that the government has proven the elements of possession of child pornography beyond a reasonable doubt, you must find Mr. Hillie guilty of possession of child pornography.

## Possession

"Possess" means to exercise authority, dominion, or control over something. The law recognizes different kinds of possession.

"Possession" includes both actual and constructive possession. A person who has direct physical control of something on or around his or her person is in actual possession of it. A person who is not in actual possession, but who has both the power and the intention to exercise control over something is in constructive possession of it.

"Possession" includes both sole possession and joint possession. If one person alone has actual or constructive possession, possession is sole. If two or more persons share actual or constructive possession, possession is joint.

## Real Child

The government must prove beyond a reasonable doubt that the sexually explicit images were of an actual child, and not computer-generated images.

## Knowingly/Knew

The terms "knowingly" and "knew" meant that an act was done voluntarily and intentionally and not because of a mistake or by accident.

## Other Definitions

The terms "sexually explicit conduct," "interstate or foreign commerce," "visual depiction," "minor," and "lascivious exhibition" have been defined for you in Counts One and Two, and they also, those same terms, apply to Count Three.

### Counts Four Through Seven

Counts Four through Seven of the Indictment charge Charles Hillie with Attempted Sexual Exploitation of a Minor. Specifically, for Count Four, the indictment alleges that

> Between on or about May 1, 2007, and on or about May 31, 2012, in the District of Columbia, the defendant, Charles Hillie, did knowingly and intentionally attempt to employ and use Janika, a female minor between ten and fifteen years of age, to engage in sexually explicit conduct, that is, the lascivious exhibition of Janika's genitalia and pubic area, for the purpose of producing any visual depiction of such conduct, by Charles Hillie's surreptitious recording of Janika in the bathroom of Janika's residence, depicted in the video file entitled J.3gp, and the visual depiction was produced or transmitted using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer.

The allegations for Counts Five, Six, and Seven, are essentially the same. I will read them quickly, and you will notice certain differences in the date ranges, in the locations indicated, in the age of the individual who was allegedly the victim, and in the video file.

For Count Five, the indictment alleges that

> Between on or about July 1, 2008, and on or about August 30, 2011, in the District of Columbia, the defendant, Charles Hillie, did knowingly and intentionally attempt to employ and use Janika, a female minor between eleven and fourteen years of age, to engage in sexually explicit conduct, that is, the lascivious exhibition of Janika's genitalia and pubic area, for the purpose of producing a visual depiction of such conduct, by Charles Hillie's surreptitious recording of Janika in the bathroom of Janika's residence, depicted in the video file entitled 738738176_828114484.3gp, and the visual depiction was produced or transmitted using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer.

For Count Six, the indictment alleges that

> On or about October 12, 2011, in the District of Columbia, the defendant, Charles Hillie, did knowingly and intentionally attempt to employ and use Janika, a fourteen-year-old minor female, to engage in sexually explicit conduct, that is, the lascivious exhibition of Janika's genitalia and pubic area, for the purpose of producing any visual depiction of such conduct, by Charles Hillie's surreptitious recording of Janika in the bedroom of Janika's residence, depicted in the video file entitled 20111012_170649.3gp and which was renamed 720.3gp, and the visual depiction was produced or transmitted using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer.

13

And finally in this group, for Count Seven, the indictment alleges that

> Between on or about July 1, 2011, and on or about May 31, 2012, in the District of Columbia, the defendant, CHARLES HILLIE, did knowingly and intentionally attempt to employ and use Janika, a female minor between fourteen and fifteen years of age, to engage in sexually explicit conduct, that is, the lascivious exhibition of Janika's genitalia and pubic area, for the purpose of producing any visual depiction of such conduct, by CHARLES HILLIE'S surreptitious recording of Janika in the bedroom of Janika's residence, depicted in the video file entitled 065.3gp, and the visual depiction was produced or transmitted using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer.

A person is guilty of violating 18 U.S.C. § 2251 when they attempt to commit the crime of sexual exploitation of a minor, whether or not they complete the crime of sexually exploiting a minor. I have already instructed you as to the elements of the crime of sexually exploiting a minor, and I am now going to list the elements that apply to the crime of attempted sexual exploitation of a minor, and define them. The elements that apply to Count Four, Count Five, Count Six, and Count Seven, are the same, and the government must prove the elements with respect to each count. I am only going to state the elements once now, but you should remember that they apply to each count. The elements of Attempted Sexual Exploitation of a Minor are:

1.    Mr. Hillie intended to commit the crime of Sexual Exploitation of a Minor, as defined above; and

2.    Mr. Hillie performed one or more acts constituting a substantial step toward the commission of the crime of Sexual Exploitation of a Minor. The substantial step must be an act that strongly corroborates or confirms that Mr. Hillie intended to carry out the crime of Sexual Exploitation of a Minor.

The government must prove each of these elements beyond a reasonable doubt with respect to each of these counts.

If you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to Count Four, or Count Five, or Count Six, or Count Seven, then you must find Mr. Hillie not guilty of each charge for which the government has so failed. If you find that the government has proven all of these elements beyond a reasonable doubt as to Count Four, or Count Five, or Count Six, or Count Seven, then you must find Mr. Hillie guilty of each charge that the government has so proven.

## Definitions

The terms "sexually explicit conduct," "interstate or foreign commerce," "visual depiction," "minor," "lascivious exhibition," "producing," "used," and "employed" have been defined for you in Counts One and Two, and also apply to Counts Four through Seven.

14

### Intent

You may not find Charles Hillie guilty of attempting to commit a crime merely because he thought about committing it. You must find that the evidence has proven, beyond a reasonable doubt, that Mr. Hillie's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

### Substantial Step

Merely preparing to commit a crime is not a substantial step. To meet the "substantial step" element, Mr. Hillie's conduct must go beyond mere preparation, and must strongly confirm that he intended to commit the crime. In other words, you must find that Mr. Hillie took some firm, clear, undeniable action to accomplish his intent to commit the crime of Sexual Exploitation of a Minor.

## Count Eight

Count Eight of the indictment charges Charles Hillie with First Degree Child Sexual Abuse with Aggravating Circumstances. Specifically, the indictment alleges that

> Between on or about July 1, 2007, and on or about August 30, 2010, in the District of Columbia, the defendant, Charles Hillie, being more than four years older than Janika, a child under sixteen years of age, that is, between ten and thirteen years of age, engaged in a sexual act with that child, that is, penetration of Janika's vulva by Charles Hillie's finger, with the intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of Charles Hillie or Janika.

> The Grand Jury further charges that at the time Charles Hillie committed First Degree Child Sexual Abuse as charged in Count Eight of this Indictment, Janika was under the age of eighteen years and Charles Hillie had a significant relationship to Janika, in that Charles Hillie was more than four years older than Janika and resided in the same dwelling as Janika, and in that Charles Hillie was the paramour of the person who was charged with any duty or responsibility for the health, welfare, or supervision of Janika.

> The Grand Jury further charged that Charles Hillie is or has been found guilty of committing sex offenses against two or more victims.

The elements of First Degree Child Sexual Abuse, each of which the government must prove beyond a reasonable doubt, are the following:

1.  That Mr. Hillie engaged in a sexual act with Janika, or caused Janika to engage in a sexual act. The specific sexual act alleged is penetration of Janika's vulva with Mr. Hillie's finger; and

2.  At the time of the sexual act, Janika was under 16 years of age; and

3.  Mr. Hillie was at least four years older than Janika at the time he engaged in the sexual act; and

4.      When he engaged in the sexual act or caused Janika to engage in the sexual act, Mr. Hillie intended to abuse or humiliate Janika or to arouse or gratify his own or another person's sexual desire.

If you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt as to Count Eight, then you must find Mr. Hillie not guilty of that charge. If you find that the government has proven all of these elements beyond a reasonable doubt as to Count Eight, then you must find Mr. Hillie guilty of that charge.

In addition, if you find that the government has proven the elements of First Degree Child Sexual Abuse, you should go on to determine whether it has also proven, beyond a reasonable doubt, the aggravating circumstances, which I will instruct you on momentarily.

Here are the definitions that are applicable.

### Penetration

In determining whether Mr. Hillie penetrated Janika's vulva with his finger, any penetration, however slight, is sufficient.

### Consent Not A Defense

Consent is not a defense to the charge of First Degree Child Sexual Abuse. You should not consider any evidence that has been presented on the issue of consent when deciding whether Charles Hillie is guilty or not guilty of this offense.

### Corroboration Not Required

If you believe the testimony of Janika in this case and find that her testimony establishes every element of First Degree Child Sexual Abuse beyond a reasonable doubt, the government has met its burden of proof and does not need to present any corroborating evidence before you find Charles Hillie guilty of that offense.

### Aggravating Circumstances

If you find Mr. Hillie not guilty of First Degree Child Sexual Abuse, you should not consider Aggravating Circumstances for this count. However, if you find Mr. Hillie guilty of First Degree Child Sexual Abuse, you should go on to determine:

1.      Whether the government has also proven, beyond a reasonable doubt, that Janika was under 18 years of age at the time Mr. Hillie committed this offense, and that Mr. Hillie was in a "significant relationship" with Janika. Here, a "significant relationship" is defined either as Mr. Hillie being more than four years older than Janika, and living in the same dwelling with Janika, or Mr. Hillie being the paramour of the person who was charged with any duty or responsibility for the health, welfare, or supervision of Janika.

2.      The second aggravating circumstance is whether the government has also proven, beyond a reasonable doubt, that Mr. Hillie is guilty of committing sex offenses against two victims:  Jaden and Janika.

16

### Counts Nine and Ten & Counts Thirteen Through Seventeen

Counts Nine and Ten and Counts Thirteen through Seventeen of the indictment each charge Charles Hillie with Second Degree Child Sexual Abuse with Aggravating Circumstances. The differences between each of those counts are the dates on which the crimes allegedly occurred, whether the charged offense involved Janika or Jaden, and the area of Janika's or Jaden's bodies that Mr. Hillie allegedly touched. Specifically, for Count Nine, the indictment alleges that

> Between on or about July 1, 2007, and on or about August 30, 2009, within the District of Columbia, the defendant, Charles Hillie, being more than four years older than Janika, a child under the age of sixteen years, that is, between ten and twelve years of age, engaged in sexual contact with that child, that is, contact between Charles Hillie's hand and Janika's buttocks, with the intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of Charles Hillie or Janika.

For Count Ten, the indictment alleges that

> Between on or about July 1, 2007, and on or about May 31, 2012, within the District of Columbia, the defendant, Charles Hillie, being more than four years older than Janika, a child under sixteen years of age, that is, between ten and fifteen years of age, engaged in sexual contact with Janika, that is, contact between Charles Hillie's hand and Janika's breast, with the intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of Charles Hillie or Janika.

Count Eleven was already resolved during the course of the trial, and it will not be presented for your consideration.

For Count Thirteen, the indictment alleges that

> Between on or about May 5, 2011, and on or about December 31, 2011, within the District of Columbia, the defendant, Charles Hillie, being more than four years older than Jaden, a child under sixteen years of age, that is, nine years of age, engaged in sexual contact with that child, that is, contact between Charles Hillie's hand and Jaden's breast, with the intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of Charles Hillie or Jaden.

For Count Fourteen, the indictment alleges that

> Between on or about May 5, 2011, and on or about December 31, 2011, within the District of Columbia, the defendant, Charles Hillie, being more than four years older than Jaden, a child under sixteen years of age, that is, nine years of age, engaged in sexual contact with that child, that is, contact between Charles Hillie's hand and Jaden's vulva, with the intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of Charles Hillie or Jaden.

For Count Fifteen, the indictment alleges that

> Between on or about June 1, 2012, and on or about December 31, 2012, within the District of Columbia, the defendant, Charles Hillie, being more than four years older than Jaden, a child under sixteen years of age, that is, ten years of age, engaged in sexual contact with that child, that is, contact between Charles Hillie's hand and Jaden's buttocks, with the intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of Charles Hillie or Jaden.

For Count Sixteen, the indictment alleges that

> Between on or about June 1, 2012, and on or about December 31, 2012, within the District of Columbia, the defendant, Charles Hillie, being more than four years older than Jaden, a child under sixteen years of age, that is, ten years of age, engaged in sexual contact with that child, that is, contact between Charles Hillie's hand and Jaden's breast, with the intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of Charles Hillie or Jaden.

For Count Seventeen, the indictment alleges that

> Between on or about June 1, 2012, and on or about December 31, 2012, within the District of Columbia, the defendant, Charles Hillie, being more than four years older than Jaden, a child under sixteen years of age, that is, ten years of age, engaged in sexual contact with that child, that is, contact between Charles Hillie's hand and Jaden's vulva, with the intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of Charles Hillie or Jaden.

For each of Counts Nine and Ten and Counts Thirteen through Seventeen, the indictment also alleges aggravating circumstances. Specifically, the indictment further charges that at the time Charles Hillie committed Second Degree Child Sexual Abuse as charged in Counts Nine and Ten and Counts Thirteen through Seventeen, Jaden and Janika were under the age of eighteen years and Mr. Hillie had a significant relationship to Jaden and Janika, in that Mr. Hillie was more than four years older than Jaden and Janika and resided in the same dwelling as Jaden and Janika, and in that Mr. Hillie was the paramour of the person who was charged with any duty or responsibility for the health, welfare, or supervision of Jaden and Janika. And the indictment further charges that Mr. Hillie is or has been found guilty of committing sex offenses against two or more victims.

I am now going to list the elements that apply to each of these counts, and define them. I will not repeat the elements over and over; the elements that apply to each of these counts are the same, and the government must prove the elements with respect to each count. The elements of Second Degree Child Sexual Abuse are:

1. That Mr. Hillie engaged in a sexual contact with Jaden or Janika, or caused Jaden or Janika to engage in sexual contact. The specific sexual contact alleged for each count is

    a. For Count Nine, contact between Mr. Hillie's hand and Janika's buttocks;

    b. For Count Ten, contact between Mr. Hillie's hand and Janika's breast;

    c. For Count Thirteen, contact between Mr. Hillie's hand and Jaden's breast;

    d. For Count Fourteen, contact between Mr. Hillie's hand and Jaden's vulva;

    e. For Count Fifteen, contact between Mr. Hillie's hand and Jaden's buttocks;

    f. For Count Sixteen, contact between Mr. Hillie's hand and Jaden's breast;

    g. For Count Seventeen, contact between Mr. Hillie's hand and Jaden's vulva; and

2. At the time of the sexual contact, Janika or Jaden was under 16 years of age; and

3. Mr. Hillie was at least four years older than Janika or Jaden at the time he engaged in the sexual contact; and

4. When he engaged in the sexual contact or caused Janika or Jaden to engage in the sexual contact, Mr. Hillie intended to abuse or humiliate Janika or Jaden, or to arouse or gratify his own or another person's sexual desire.

The government must prove each of these elements beyond a reasonable doubt with respect to each of the counts.

If you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to any of these counts, then you must find Mr. Hillie not guilty of that count. So, for example, if you find that the government has failed to prove any of the elements as to Count Nine beyond a reasonable doubt, then you must find Mr. Hillie not guilty as to Count Nine. If, on the other hand, you find that the government has proven all the elements beyond a reasonable doubt as to a count, then you must find Mr. Hillie guilty of that count.

In addition, if you find the government has proven the elements of Second Degree Child Sexual Abuse for any count, you should go on to determine whether it has also proven, beyond a reasonable doubt, the aggravating circumstances as to that count, which I will instruct you on.

## Consent Not A Defense

Consent is not a defense to the charge of Second Degree Child Sexual Abuse. You should not consider any evidence that has been presented on the issue of consent when deciding whether Charles Hillie is guilty or not guilty of these offenses.

### Corroboration Not Required

If you believe the testimony of Janika or Jaden in this case and find that her testimony establishes every element of Second Degree Child Sexual Abuse beyond a reasonable doubt, the Government has met its burden of proof and does not need to present any corroborating evidence before you find Charles Hillie guilty of that offense.

### Aggravating Circumstances

If you find Mr. Hillie not guilty of a particular count or counts of Second Degree Child Sexual Abuse, you should not consider Aggravating Circumstances for these counts. However, if you find Mr. Hillie guilty of Second Degree Child Sexual Abuse, you should go on to determine for each count for which you find him guilty:

1. Whether the government has also proven, beyond a reasonable doubt, that Janika or Jaden was under 18 years of age at the time Mr. Hillie committed the offense, and that Mr. Hillie was in a "significant relationship" with Janika or Jaden. Here, "significant relationship" is defined either as Mr. Hillie being more than four years older than Janika or Jaden, and living in the same dwelling as Janika or Jaden, or Mr. Hillie being the paramour of the person who was charged with any duty and responsibility for the health, welfare, or supervision of Janika or Jaden.

2. The second aggravating circumstance which you may go on to find, is whether the government has also proven, beyond a reasonable doubt, that Mr. Hillie is guilty of committing sex offenses against two victims: Janika and Jaden.

### **Count Twelve**

If you have been paying attention, you have noticed that I skipped Count Twelve. Count Twelve of the indictment charges Charles Hillie with Second Degree Sexual Abuse of a Minor with Aggravating Circumstances. Specifically, the indictment alleges that

> Between on or about June 1, 2014, and on or about June 30, 2014, within the District of Columbia, the defendant, Charles Hillie, being thirty years old, and being in a significant relationship with Janika, a seventeen-year-old minor female, in that Charles Hillie was more than four years older than Janika and resided in the same dwelling as Janika, and in that Charles Hillie was the paramour of the person who was charged with any duty or responsibility for the health, welfare, or supervision of Janika, engaged in a sexual contact with Janika, that is, contact between Charles Hillie's hand and Janika's buttocks, with the intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of Charles Hillie or Janika.

> The Grand Jury further charged that Charles Hillie is or has been found guilty of committing sex offenses against two or more victims.

Count Twelve, which alleges sexual abuse of a minor, is charged under a different statute than the preceding counts alleging child sexual abuse, because, at the

time this conduct allegedly occurred, Janika was allegedly 16 years of age or older, whereas in the previous counts, she was allegedly under 16 years of age. The five elements of Second Degree Sexual Abuse of a Minor, each of which the government must prove beyond a reasonable doubt, are the following:

1.   That Charles Hillie engaged in a sexual contact with Janika or caused Janika to engage in sexual contact. The specific sexual contact alleged is contact between Mr. Hillie's hand and Janika's buttocks; and

2.   At the time of the sexual contact, Mr. Hillie was 18 years of age or older; and

3.   At the time of the sexual contact, Janika was under 18 years of age; and

4.   At the time of the sexual contact, Mr. Hillie was in a "significant relationship" with Janika. A "significant relationship" is defined either as Mr. Hillie being more than four years older than Janika, and living in the same dwelling with Janika, or Mr. Hillie being the paramour of the person who was charged with any duty or responsibility for the health, welfare, or supervision of Janika; and

5.   When Mr. Hillie engaged in the sexual contact with Janika or caused Janika to engage in the sexual contact, Mr. Hillie intended to abuse or humiliate Janika or to arouse or gratify his own or another person's sexual desire.

If you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to Count Twelve, then you must find Mr. Hillie not guilty of that charge. If you find that the government has proven all of these elements beyond a reasonable doubt as to Count Twelve, then you must find Mr. Hillie guilty of that charge.

In addition, if you find that the government has proven the elements of Second Degree Sexual Abuse of a Minor, you should go on to determine whether it has also proven, beyond a reasonable doubt, the aggravating circumstance that is applicable to this offense, which I will instruct you on momentarily.

## Consent Not A Defense

Consent is not a defense to the charge of Second Degree Sexual Abuse of a Minor. You should not consider any evidence that has been presented on the issue of consent when deciding whether Charles Hillie is guilty or not guilty of this offense.

## Corroboration Not Required

If you believe the testimony of Janika in this case and find that her testimony establishes every element of this offense beyond a reasonable doubt, the government has met its burden of proof and does not need to present any corroborating evidence before you find Charles Hillie guilty of the offense.

## Aggravating Circumstances

If you find Mr. Hillie not guilty of Second Degree Sexual Abuse of a Minor, you should not consider aggravating circumstances for this count. However, if you find Mr. Hillie guilty of Second Degree Sexual Abuse of a Minor, you should go on to determine

whether the government has also proven, beyond a reasonable doubt, the following aggravating circumstance, which is that Mr. Hillie is guilty of committing sex offenses against two victims: Jaden and Janika.

### Defendant's Theory of Case

The defense contends that the government has not and cannot prove beyond a reasonable doubt that Charles Hillie intended to employ or use Janika to produce, or attempted to produce, sexually explicit videos. The defense also contends that the charges concerning Jaden are not credible, and that any accidental touching of Jaden is not illegal. In addition, the defense contends that the sex abuse charges concerning Janika are not true. Janika has previously stated, according to the defense, that she was not improperly touched, and her present claims are not credible. The defense also maintains that the government has not and cannot prove beyond a reasonable doubt that Mr. Hillie has committed the charged offenses, and that he must be acquitted of all counts.

### *DELIBERATIONS & LOGISTICS*

I have now instructed you as to both the general and specific legal rules that control your decision regarding the facts of the case. I now want to give you just a few instructions regarding the process of your deliberations.

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance. It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on a case or to announce a determination to stand for a certain verdict. When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case. Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room. Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed. Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

The question of possible punishment of the defendant in the event of a conviction is not a concern of yours and should not enter into or influence your deliberations in any way. The duty of imposing sentence in the event of conviction rests exclusively with me. Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

During the trial, I have permitted jurors who wanted to, to take notes. You may take your notebooks with you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. The jurors who have not taken notes should rely on their own memory of the evidence. The notes are intended to be for the notetaker's own personal use.

I will be sending with you to the jury room the exhibits that have been admitted into evidence. You may examine any or all of them as you consider your verdicts. Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

During the course of this trial, prior sworn statements were referenced. Where this occurred, and where those statements were admitted into evidence, only the parts that have been admitted will be provided. Thus, as you examine the exhibits, if you see a document where there appears to be omissions, you should not guess as to what was taken out.

You will be provided with a Verdict Form for use when you have concluded your deliberations. The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing in the form replaces the instructions of law that I have given you, and nothing in it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt. The form is meant only to assist you in recording your verdict.

Each count of the indictment charges a separate offense. You should consider each offense, and the evidence which applies to it, separately, and you should return separate verdicts as to each count. The fact that you may find the defendant guilty or not guilty on any one count of the indictment should not influence your verdict with respect to any other count of the indictment.

At any time during your deliberations you may return your verdict of guilty or not guilty with respect to any count.

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdicts must be unanimous.

I would like to remind you that, in some cases, there may be reports in the newspaper and internet and television, though not necessarily this case. If there should be such media coverage in this case, you may be tempted to read, listen, or watch. You must not do so, because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction that I gave you at the beginning of the trial. During the deliberations, you may not communicate with anyone who is not on the jury about this case. This includes any electronic communication such as email or texting or blogging. In addition, you may not conduct any independent investigation during deliberations. This means you may not conduct any research in person or electronically via the Internet or in another way.

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or the marshal, who will be outside the jury room, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person—not the clerk, not the marshal, or me—how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 6-6 or 7-5 or 11-1, or in any other fashion—whether the vote is for conviction or acquittal or it pertains to any other issue in the case.

The last thing I must do before you begin your deliberations is to excuse the alternate jurors. As I told you before, the selection of alternates was an entirely random process; it's nothing personal. We in fact selected two seats to be the alternate seats before any of you were entering this courtroom. Since the rest of you have remained healthy and attentive, and we do not need the alternates in this matter, I can now excuse those jurors in seats 6 and 13.

Before you two leave, I am going to ask you to tear out a page from your notebook, and to write down your name and a daytime phone number and hand this to the clerk. I do this because it is possible, although unlikely, that we will need to summon you back to rejoin the jury in case something happens to a regular juror. Since that possibility exists, I am also going to instruct you not to discuss this case with

24

anyone until we call you to let you know a verdict has been reached. My earlier instruction on use of the Internet still applies; do not research this case or communicate about it on the Internet. In all likelihood, we will be calling you to tell you there has been a verdict and you are now free to discuss the case; there is, however, a small chance that we will need to bring you back on to the jury. Thank you so much for your service. Please report back to the jury office to turn in your badge on your way out. We thank you again.