```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF COLUMBIA


   UNITED STATES OF AMERICA        :
                                   :
                  Plaintiff,       :   Criminal Action
                                   :   No. 16-030
   v.                              :
                                   :
   CHARLES HILLIE,                 :   April 4, 2018
                                   :   2:30 p.m.
                                   :
                                   :   Washington, D.C.
                  Defendant.       :
                                   :
   ...........................     :
```

**AFTERNOON SESSION - DAY 5**
**TRANSCRIPT OF JURY TRIAL PROCEEDINGS**
**BEFORE THE HONORABLE KETANJI B. JACKSON,**
**UNITED STATES DISTRICT COURT JUDGE**

APPEARANCES:

For the United States:       **Andrea Lynn Hertzfeld, Assistant**
                             **U.S. Attorney**
                             U.S. ATTORNEY'S OFFICE FOR THE
                             DISTRICT OF COLUMBIA
                             555 Fourth Street, NW
                             Washington, DC 20530
                             (202) 252-7808
                             Fax: (202) 353-7634
                             Email: Andrea.hertzfeld@usdoj.gov

                             **Kenechukwu O. Okocha, Assistant**
                             **U.S. Attorney**
                             U.S. ATTORNEY'S OFFICE-DISTRICT OF
                             COLUMBIA
                             Sex Offense and Domestic Violence
                             555 Fourth Street, SW
                             10th Floor
                             Washington, DC 20530
                             (202) 252-6604
                             Email: Kenechukwu.okocha@usdoj.gov

APPEARANCES:   Cont.


For the Defendant:             **Joanne D. Slaight, Esq.**
                               LAW OFFICES OF JOANNE D. SLAIGHT
                               400 Seventh Street, NW
                               Suite 206
                               Washington, DC 20004
                               (202) 408-2041
                               Fax: (202) 628-0249
                               Email: Jslaight@att.net

Court Reporter:                **Scott L. Wallace, RDR, CRR**
                               Official Court Reporter
                               Room 6503, U.S. Courthouse
                               Washington, D.C. 20001
                               202.354.3196
                               scottlyn01@aol.com


Proceedings reported by machine shorthand, transcript produced
by computer-aided transcription.

<u>**AFTERNOON SESSION, APRIL 4, 2018**</u>

(2:28 p.m.)

     (Jury in at 2:30 p.m.)

     THE COURT:  Good afternoon.  You may have a seat.  Members of the jury, it is now time for me to give you your instructions as to the law that applies to this case and the evidence that has been presented.

     After I have given you these instructions, I will ask you to return to the jury room to begin your deliberations.  It is your sworn duty to base your verdict upon the law given in these instructions and upon the evidence that has been admitted in this trial.

     I will begin by instructing you on the general rules governing your consideration of this criminal case.  I will then instruct you as to the specific law that you are to apply given the charges in this specific case.

     Finally, I will offer some instructions regarding the procedures you will follow while deliberating.

     I will provide you with a copy of my instructions, so you need not take notes, just listen carefully.  During your deliberations, you may, if you want, want to refer to these instructions.  While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others.  If you have any questions about the instructions, you should feel free to send me

1    a note.  I will give you instructions on how to do that at the

2    end of these instructions.  A copy of these instructions that

3    will be given to you will be returned to me when you render your

4    verdict.

5         Let me start with information about our respective

6    functions.  My function is to conduct this trial in a orderly,

7    fair, and efficient manner, to rule on questions of law, and to

8    instruct you on the law that applies to this case.  It is your

9    duty to accept the law as I instruct you.  As I said, you should

10   consider all the extraditions as a whole.  You may not ignore or

11   refuse to follow any of them.

12        Your function, as the jury, is to determine what the facts

13   are in this case.  You are the sole judges of the facts.  While

14   it is my responsibility to decide what is admitted as evidence

15   during the trial, you alone decide what weight, if any, to give

16   to that evidence.  You alone decide the credibility or

17   believability of the witnesses.

18        You should determine the facts without prejudice, fear,

19   sympathy or favoritism.  You should not be improperly influenced

20   by anyone's race, ethnic origin, or gender.  Decide the case

21   solely from a fair consideration of the evidence.

22        You may not take anything I may have said or done as

23   indicating how I think you should decide the case.  If you

24   believe that I have expressed or indicated any such opinion, you

25   should ignore it.  The verdict in this case is your sole and

1   exclusive responsibility.  If any reference by me or the

2   attorneys to the evidence is different from your own memory of

3   the evidence, it is your memory that should control during your

4   deliberations.

5          During your deliberations, you may consider only the

6   evidence properly admitted at trial.  The evidence in this case

7   consists of the sworn testimony of the witnesses, the exhibits

8   that were admitted into evidence, and the facts stipulated to by

9   the parties.

10         During the trial, you were told that the parties had

11  stipulated, that is, agreed to the dates of birth of Charles

12  Hillie, Jaden, and Janika.  You should consider any stipulation

13  of fact to be undisputed evidence.

14         When you consider the evidence, you are permitted to draw

15  from the facts that you find have been proven such reasonable

16  inferences as you feel are justified in light of your experience.

17         You should give any evidence such weight as in your

18  judgment it is fairly entitled to receive.  The statements and

19  arguments of the lawyers are not evidence.  They are only

20  intended to assist you in understanding the evidence.  Similarly,

21  the questions of the lawyers are not evidence.

22         The indictment is merely the formal way of accusing a

23  person of a crime.  You must not consider the indictment as

24  evidence of any kind.  You may not consider it as any evidence of

25  Charles Hillie's guilt or draw any inference of guilt from it.

1    Every defendant in a criminal case is presumed to be
2    innocent.  This presumption of innocence remains with the
3    defendant throughout the trial unless and until the government
4    has proven he is guilty beyond a reasonable doubt.  This burden
5    never shifts throughout the trial.
6    The law does not require Charles Hillie to prove his
7    innocence or to produce any evidence at all.  If you find that
8    the government has proven beyond a reasonable doubt every element
9    of an offense with which Mr. Hillie is charged, it is your duty
10   to find him guilty of that offense.  On the other hand, if you
11   find the government has failed to prove any element of an offense
12   beyond a reasonable doubt, it is your duty to find Mr. Hillie not
13   guilty of that offense.  The government has the burden of proving
14   Charles Hillie guilty beyond a reasonable doubt.
15   In civil cases, it is only necessary to prove that a fact
16   is more likely true than not, or in some cases, that the truth is
17   highly probable.  In criminal cases such as this one, the
18   government's proof must be more powerful than that.  It must be
19   beyond a reasonable doubt.
20   Reasonable doubt, as the name implies, is a doubt based on
21   reason, a doubt for which you have a reason based upon the
22   evidence or lack of evidence in this case.  If, after careful,
23   honest and impartial consideration of all the evidence, you
24   cannot say that you are firmly convinced of the defendant's
25   guilt, then you have a reasonable doubt.

1          Reasonable doubt is the kind of doubt that would cause a

2    reasonable person, after careful thought and reflection, to

3    hesitate to act in the graver or more important matters in life.

4    However, it is not an imaginary doubt, nor a doubt based on

5    speculation or guesswork.  It is a doubt based on reason.  The

6    government is not required to prove guilt beyond all doubt or to

7    a mathematical or scientific certainty.  Its burden is to prove

8    guilt beyond a reasonable doubt.

9          There are two types of evidence from which you may

10   determine what the facts are in this case, direct evidence and

11   circumstantial evidence.  When a witness such as an eyewitness

12   asserts actual knowledge of a fact, that witness's testimony is

13   direct evidence.

14         On the other hand, evidence of facts and circumstances

15   from which reasonable inferences may be drawn, is circumstantial

16   evidence.  Let me give you an example.  Assume a person looked

17   out a window and saw that snow was falling.  If he later

18   testified in court about what he had seen, his testimony would be

19   direct evidence that snow was falling at the time he saw it

20   happen.

21         Assume, however, that he looked out a window and saw no

22   snow on the ground and then went to sleep and saw snow on the

23   ground after he woke up.  His testimony about what he had seen

24   would be circumstantial evidence that it had snowed while he was

25   asleep.

1       The law says that both direct and circumstantial evidence

2   are acceptable as means of proving a fact.  The law does not

3   favor one form of evidence over the other.  It is for you to

4   decide how much weight to give to any particular evidence,

5   whether it is direct or circumstantial.  You are permitted to

6   give equal weight to both.

7       Circumstantial evidence does not require a greater degree

8   of certainty than direct evidence.  In reaching a verdict in this

9   case, you should consider all of the evidence presented, both

10  direct and circumstantial.  One of the questions you were asked

11  when we were selecting this jury was whether the nature of the

12  charges itself would affect your ability to reach a fair and

13  impartial verdict.  We asked you that question because you must

14  not allow the nature of a charge to affect your verdict.  You

15  must consider only the evidence that's been presented in this

16  case in reaching a fair and impartial verdict.

17      The weight of the evidence is not necessarily determined

18  by the number of witnesses testifying for each side.  Rather, you

19  should consider all the facts and circumstances in evidence to

20  determine which of the witnesses you believe.  You might find

21  that the testimony of a smaller number of witnesses on one side

22  is more believable than the testimony of a greater number of

23  witnesses on the other side, or you might find the opposite.

24      The lawyers in this case sometimes objected when the other

25  side asked a question, made an argument, or offered evidence that

1    the objecting lawyer believed was not proper.

2         You must not hold such objections against the lawyer who

3    made them or the party he or she represents.  It is the lawyer's

4    responsibility to object to evidence that they believe is not

5    admissible.

6         If, during the course of the trial, I sustained an

7    objection to a lawyer's question, you should ignore the question,

8    and you must not speculate as to what the answer would have been.

9    If, after a witness answered a question, I ruled that the answer

10   should be stricken, you should ignore both the question and the

11   answer, and they should play no part in your deliberations.

12        In determining whether the government has proved the

13   charges against the defendant beyond a reasonable doubt, you must

14   consider the testimony of all the witnesses who have testified.

15   You are the sole judges of the credibility of the witnesses.  You

16   alone determine whether to believe any witness and the extent to

17   which a witness should be believed.

18        Judging a witness's credibility means evaluating whether

19   the witness has testified truthfully and also whether the witness

20   accurately observed, recalled, and described the matters about

21   which the witness testified.  You may consider anything that, in

22   your judgment, affects the credibility of any witness.  For

23   example, you may consider the demeanor and the behavior of the

24   witness on the witness stand, the witness's manner of testifying,

25   whether the witness impresses you as a truthful person, whether

1    the witness impresses you as having an accurate memory and

2    recollection, whether the witness has any motive for not telling

3    the truth, whether the witness had a full opportunity to observe

4    the matters about which he or she has testified, whether the

5    witness has any interest in the outcome of this case, or

6    friendship or hostility toward other people concerned with this

7    case.

8            In evaluating the accuracy of a witness's memory, you may

9    consider the circumstances surrounding the event, including any

10   circumstances that would impair or improve the witness's ability

11   to remember the event, the time that elapsed between the event,

12   and any later recollections of the event, and the circumstances

13   under which the witness has -- was asked to recall details of the

14   event.

15           Inconsistencies or discrepancies in the testimony of a

16   witness or between the testimony of different witnesses may or

17   may not cause you to discredit such testimony.  Two or more

18   persons witnessing an incident or transaction may see or hear it

19   differently.  An innocent misrecollection, like a failure of

20   recollection, is not an uncommon experience.  In weighing the

21   effect of the inconsistency or discrepancy, always consider

22   whether it pertains to a matter of important or unimportant

23   detail and whether the inconsistency or discrepancy results from

24   innocent error or intentional falsehood.

25           You may consider the reasonableness or unreasonableness,

1    the probability or improbability of the testimony of a witness in

2    determining whether to accept it as true and accurate.  You may

3    consider whether the witness has been contradicted or supported

4    by other credible evidence.

5         If you believe that any witness has shown him or herself

6    to be biased or prejudiced for or against either side in this

7    trial, you may consider and determine whether such bias or

8    prejudice has colored the testimony of the witness so as to

9    affect the desire and capability of that witness to tell the

10   truth.

11        You should give the testimony of each witness such weight

12   as in your judgment it is fairly entitled to receive.

13        You have heard the testimony of Jaden, a child witness.

14   As in the case of all other witnesses, you are the sole judges of

15   Jaden's credibility.  In evaluating Jaden's credibility, you may

16   consider the same factors that you use in evaluating the

17   testimony of any witness.  However, you may also consider other

18   factors, such as her age, her ability to distinguish truth from

19   falsehood, and to understand the seriousness of her testimony,

20   and her ability to understand and to answer those questions.  You

21   should give her testimony as much weight as in your judgment it

22   deserves.

23        A police officer's testimony should be evaluated by you

24   just as any other evidence in the case.  In evaluating the

25   officer's credibility, you should use the same guidelines that

1   you apply to the testimony of any witness.  In no event should

2   you give either greater or lesser weight to the testimony of any

3   witness merely because he or she is a police officer.

4        Every defendant in a criminal case has an absolute right

5   not to testify.  Charles Hillie has chosen to exercise this

6   right.  You must not hold this decision against him, and it would

7   be improper for you to speculate as to the reason or reasons for

8   his decision.  You must not assume the defendant is guilty

9   because he chose not to testify.

10       Ordinarily, a witness may not testify to his opinions or

11  conclusions.  There is an exception for expert witnesses who are

12  allowed to give opinions and the reasons for them because they

13  have become expert in some art, science, profession, or calling.

14       In this case, John Marsh has testified as an expert.  You

15  are not bound by an expert's opinion if you find that the opinion

16  is not based on sufficient education or experience, that the

17  reasons supporting the opinion are not sound, or that the opinion

18  is outweighed by other evidence, you may completely or partially

19  disregard the opinion.

20       You should consider this evidence with all other evidence

21  in this case and give it as much weight as you think it fairly

22  deserves.

23       You heard evidence from several witnesses that Jaden and

24  Janika reported to them and others that they were sexually abused

25  by Charles Hillie.

1    As I told you during the presentation of evidence, this

2    evidence was admitted only to show that these statements were

3    made.  Therefore, to the extent that you accept that the

4    statements were made, you must consider them only for that

5    limited purpose and not for any other purpose, and you cannot

6    consider the statements as proof of whether or not the statements

7    were actually truthful.

8        The law treats prior inconsistent statements differently

9    depending upon the circumstances on which they were made.  I will

10   now explain how you should evaluate these statements.  You heard

11   evidence that Jaden and Janika made statements on earlier

12   occasions when they were not under oath, and that these

13   statements may be inconsistent with their testimony here at

14   trial.  It is for you to decide whether the witness made such a

15   prior statement and whether, in fact, it was inconsistent with

16   the witness's testimony here.

17       If you find such an inconsistency, you may consider the

18   earlier statement in judging the credibility of the witness, but

19   you may not consider it as evidence that what was said in the

20   earlier statement was true.

21       You also heard evidence that Janika made earlier

22   statements under oath subject to the penalty of perjury at a

23   Grand Jury proceeding, and that these statements may be

24   inconsistent with her testimony here at trial.  If you find that

25   the earlier statement is inconsistent with the witness's

1   testimony here in court, you may consider this inconsistency in

2   judging the credibility of the witness.  However, unlike

3   statements not made under oath, you also may consider these

4   earlier statements as evidence that what was said in the earlier

5   statement was true.

6        You've heard evidence that Janika made a statement on an

7   earlier occasion and that that statement may be consistent with

8   her testimony here at trial.  This earlier statement was brought

9   to your attention to help you in evaluating the credibility of

10  the witness.  If you find that the earlier statement is

11  consistent with the witness's present testimony in court, you may

12  consider this consistency in judging the credibility of the

13  witness here at trial.  It is for you to decide whether a witness

14  made a statement on an earlier occasion and whether it was, in

15  fact, consistent with the witness's in court testimony here.

16       The United States has introduced into evidence six videos,

17  Government's Exhibits 4, 5, 6, 7, 8, and 9, which Investigator

18  Marsh testified were extracted from the pink laptop that is

19  Government's Exhibit 3.

20       You have heard testimony that clips were made from those

21  videos, and you have seen those clips.  In your deliberations,

22  you must consider each video in its entirety as the evidence in

23  this case.  The clips were only shown as an aid during witness

24  testimony.

25       You have heard evidence that Charles Hillie physically

1   assaulted Jaden when she tried to tell her mother that Mr. Hillie

2   had come into the bathroom while Jaden was using it.  It is up to

3   you to decide whether to believe that evidence.  If you find that

4   Mr. Hillie physically assaulted Jaden, you may use this evidence

5   only for the limited purpose of deciding whether the assault

6   helps to explain how Jaden and Janika responded, or deciding

7   whether the assault is probative of Mr. Hillie's intent, plan,

8   knowledge, or absence of mistake.  You may not use this evidence

9   for any other purpose.  Mr. Hillie is only on trial for the

10  crimes charged.  He is not charged in this case with any offense

11  relating to physically assaulting Jaden, and the law does not

12  allow you to convict him simply because you believe he may have

13  done bad things that are not specifically charged as crimes in

14  this case.

15       You have heard evidence that Charles Hillie may have had

16  exposed his penis to Jaden and demanded that she touch it.

17  Mr. Hillie is not charged with this conduct.  You may consider

18  this evidence only if you find it is more likely true than not

19  true.  You decide that by considering all of the evidence and

20  deciding what evidence is more believable.  This is a lower

21  standard of proof than beyond a reasonable doubt.  If you find

22  that these offenses have not been proved, you must disregard

23  them.  If you find that these offenses have been proved, you may

24  consider them to help you decide any matter to which they are

25  relevant.

1    You should give them the weight and value you believe they

2    are entitled to receive, but remember, Mr. Hillie is only on

3    trial for the crimes charged.  You may not convict a person

4    simply because you believe he may have committed similar acts

5    that have not been charged.

6    Someone's intent ordinarily cannot be proved directly

7    because there's no way of knowing what a person is actually

8    thinking, but you may infer someone's intent from the surrounding

9    circumstances.  You may consider any statement made or acts done

10   by Charles Hillie and all other facts and circumstances received

11   in evidence which indicate his intent.  You may infer, but are

12   not required to infer, that a person intends the natural and

13   probable consequences of acts he intentionally did or did not do.

14   It is entirely up to you, however, to decide what facts to find

15   from the evidence received during this trial.

16   You should consider all the circumstances in evidence that

17   you think are relevant in determining whether the government has

18   proved beyond a reasonable doubt that Mr. Hillie acted with the

19   necessary state of mind.

20   The indictment charges that the offenses were committed on

21   or about a range of dates.  The proof need not establish with

22   certainty the exact date of the alleged offense.  It is

23   sufficient if the evidence in the case establishes beyond a

24   reasonable doubt that the offense was committed on a date

25   reasonably near the dates alleged.

1        I will now move on to instruct you regarding the specifics

2   of the offenses alleged in this case.  At the beginning of the

3   trial, I described to you the 17 counts in the indictment filed

4   in this case.  I also gave you a brief summary of the elements of

5   those counts which are the specific facts that the government had

6   to prove beyond a reasonable doubt in order for you to find the

7   defendant guilty.

8        During the course of the trial, one of the charged counts

9   was resolved, and I will not be presenting it to you for your

10  consideration.  I will now read the remaining 16 counts in the

11  indictment, and I will instruct you on the elements of each of

12  the offenses charged as I describe the charges.  Remember, as I

13  said before, the indictment is not evidence.

14       Counts 1 and 2 of the indictment charge Charles Hillie

15  with sexual exploitation of a minor.  Specifically, for Count 1,

16  the indictment alleges that between on or about July 1st, 2008

17  and on or about August 30th, 2010, in the District of Columbia,

18  the defendant, Charles Hillie, did knowingly and intentionally

19  employ and use Janika, a female minor between 11 and 13 years of

20  age, to engage in sexually explicit conduct; that is, the

21  lascivious exhibition of Janika's genital and pubic area for the

22  purpose of producing any visual depiction of such conduct by

23  Charles Hillie surreptitious recording of Janika in the bedroom

24  of Janika's residence depicted in the video file entitled -- and

25  I'm going to read a series of numbers -- 602521600_987648306.3GP,

1    and the visual depiction was produced or transmitted using

2    materials that were mailed, shipped, or transported in or

3    affecting interstate or foreign commerce by any means, including

4    by computer.

5         For Count 2, the indictment alleges that between on or

6    about July 1st, 2008 and on or about August 30th, 2011, in the

7    District of Columbia, the defendant, Charles Hillie, did

8    knowingly and intentionally employ and use Janika, a female minor

9    between 11 and 14 years of age, to engage in sexually explicit

10   conduct; that is, the lascivious exhibition of Janika's genitalia

11   and pubic area, for the purpose of producing any visual depiction

12   of such conduct by Charles Hillie's surreptitious recording of

13   Janika in the bathroom of Janika's residence, depicted in the

14   video file entitled 846651392_1015183410.3GP, and the visual

15   depiction was produced or transmitted using materials that had

16   been mailed, shipped, or transported in or affecting interstate

17   or foreign commerce by any means, including by computer.

18        These two counts allege that Mr. Hillie violated the same

19   statute on two different occasions.  I'm now going to list the

20   elements that apply to these two counts and define them.  The

21   same elements that apply to Count 1 also apply to Count 2.  I

22   will not repeat them twice, but you should remember that the

23   government must prove these elements with respect to each count.

24        The elements of sexual exploitation of a minor are, one,

25   that Charles Hillie did employ or use Janika to engage in

1    sexually explicit conduct; that is, the lascivious exhibition of

2    the genital or pubic area of Janika, for the purpose of producing

3    a visual depiction of such conduct, and, two, at the time Janika

4    was a minor, and three, that the visual depiction was either

5    produced or transmitted using materials that had been mailed,

6    shipped or transported in or affecting interstate or foreign

7    commerce, including by computer.

8        The government must prove each of these elements beyond a

9    reasonable doubt with respect to each of the two counts.  If you

10   find from your consideration of all of the evidence that the

11   government has failed to prove any one of these elements beyond a

12   reasonable doubt, as to Count 1 or Count 2, then you must find

13   Mr. Hillie not guilty of that charge.

14       If you find that the government has proven all of these

15   elements beyond a reasonable doubt as to Count 1 or Count 2, then

16   you must find Mr. Hillie guilty of that charge.

17       Now I will give you some definitions pertaining to the

18   element language that I just read.

19       Producing means producing, directing, manufacturing,

20   issuing, publishing or advertising.

21       In this context, the element of employing or using a

22   person to engage in sexually explicit conduct for the purpose of

23   producing a visual depiction of such conduct is fully satisfied

24   if a child is photographed or videotaped in order to create

25   pornography.

1          The statute defines sexually explicit conduct in various

2     ways.  With respect to the conduct that is charged in this case,

3     sexually explicit conduct means the lascivious exhibition of the

4     genitals or pubic area of any person.

5          Lascivious means exciting sexual desires or salacious, and

6     lascivious exhibition means indecent exposure of the genitals or

7     pubic area usually to incite lust.  Not every exposure of the

8     genital or pubic area is a lascivious exhibition, and the fact

9     that a minor is depicted nude on its own is not enough for that

10     visual depiction to qualify as a lascivious exhibition, but, for

11     an image to constitute a lascivious exhibition, the minor is not

12     required to exhibit lust, wantonness or sexual coyness, and the

13     image need not depict overt sexual activity or behavior.

14          You must determine whether the visual depiction is

15     lascivious based on its overall content.

16          In deciding whether a visual depiction is lascivious

17     exhibition, you must consider -- you may, excuse me -- consider

18     these factors:  One, whether the focal point of the visual

19     depiction is on the minor's genitalia or pubic area; two, whether

20     the setting of the depiction appears to be sexually inviting or

21     suggestive -- for example, in a location or in a pose associated

22     with sexual activity; three, whether the minor appears to be

23     displayed in an unnatural pose or in inappropriate attire; four,

24     whether the minor is partially clothed or nude; five, whether the

25     depiction appears to convey sexual coyness or an apparent

1   willingness to engage if sexual activity; or six, whether the

2   depiction appears to have been intended or designed to elicit a

3   sexual response in the viewer.

4        This list is not exhaustive, and a visual depiction need

5   not satisfy all of these factors or any particular factor to be

6   deemed a lascivious exhibition.

7        Instead, these factors are meant to guide you in

8   determining whether the depiction is a lascivious exhibition of

9   the genitalia or pubic area, as you consider the overall content

10   of the material.  It is for you to decide the weight or lack of

11   weight to be given to any of these factors.

12        It is not enough for the government to simply show that

13   Mr. Hillie created the visual depictions on purpose.  In order to

14   prove that Mr. Hillie acted, quote, for the purpose of, end

15   quote, producing a visual depiction of a minor engaged in

16   sexually explicit conduct, the government must show beyond a

17   reasonable doubt that Mr. Hillie's actions were motivated by the

18   intent of producing child pornography.

19        The government is not required, however, to prove

20   Mr. Hillie was single-minded in his purpose or that the only

21   motivating factor for his conduct was the production of child

22   pornography.  You may infer Mr. Hillie's purpose from his conduct

23   and any other circumstances you deem relevant.

24        Interstate or foreign commerce includes commerce between

25   any states or between any state and the District of Columbia or

1   between any part of the United States and any place outside of

2   the United States, including by computer.

3       The local or intrastate production of visual depictions of

4   a minor engaged in sexually explicit conduct with a computer, a

5   cell phone, or a camera that traveled in interstate or foreign

6   commerce, is part of an economic class of activities that

7   substantially affect interstate or foreign commerce.

8       The fact that a computer hard drive that is used in

9   producing child pornography once traveled in interstate or

10  foreign commerce is sufficient to satisfy the commerce element.

11      The government does not have to prove that Mr. Hillie knew

12  that the materials used to produce the visual depiction moved in

13  interstate or foreign commerce.

14      Minor means any person younger than 18 years old.

15      The term "visual depiction" includes data stored on a

16  computer media or by other electronic means that can be converted

17  into a visual image, whether or not stored in a permanent format.

18      I will now move on to discuss Count 3.  Count 3 of the

19  indictment charges Charles Hillie with possession of child

20  pornography.

21      Specifically, the indictment alleges that between on or

22  about July 1st, 2008 and on or about August 30th, 2011, in the

23  District of Columbia, the defendant, Charles Hillie, did

24  knowingly possess a Dell laptop -- excuse me, did knowingly

25  possess on a Dell laptop the video file entitled

*1*   602521600_987648306.3GP, and the video file entitled 846651392_

*2*   1015183410.3GP, which were produced using materials that had been

*3*   mailed or shipped or transported using any means or facility of

*4*   interstate or foreign commerce or in or affecting interstate or

*5*   foreign commerce, including by computer, and the production of

*6*   such visual depictions involved the use of Janika, a minor female

*7*   between 11 and 14 years of age, engaging in sexually explicit

*8*   conduct that is the lascivious exhibition of Janika's genitalia

*9*   and pubic area and such visual depictions were of such conduct.

*10*        The elements of this count, each of which the government

*11*  must prove beyond a reasonable doubt, are, one, that Mr. Hillie

*12*  knowingly possessed material containing one or more visual

*13*  depictions; two, the visual depictions involved the use of a

*14*  minor engaged in sexually explicit conduct; three, Mr. Hillie

*15*  knew that the material contained such visual depictions of a

*16*  minor and knew that the visual depictions were of such minor

*17*  engaged in sexually explicit conduct; and four, such visual

*18*  depictions were produced using materials that had been shipped or

*19*  transported in or affecting interstate or foreign commerce by any

*20*  means, including by a computer.

*21*        If you find from your consideration of all the evidence

*22*  that the government has failed to prove any of these elements

*23*  beyond a reasonable doubt as to Count 3, then you must find

*24*  Mr. Hillie not guilty of that charge.

*25*        If you find that the government has proven all of these

1    elements beyond a reasonable doubt as to Count 3, then you must

2    find Mr. Hillie guilty of that charge.

3         If you find that the government has proved beyond a

4    reasonable doubt each element of Count 3, you should go on to

5    consider whether Mr. Hillie meets the elements of the affirmative

6    defense.  Mr. Hillie has the burden of proving that he meets the

7    elements of the affirmative defense by a preponderance of the

8    evidence, which is a lower standard than beyond a reasonable

9    doubt.  This means that Mr. Hillie must show that it is more

10   likely than not that he, one, possessed less than three matters

11   containing any visual depiction prescribed by this charge, and

12   two, promptly and in good faith and without retaining or allowing

13   any person other than a law enforcement agency to access any

14   visual depiction or copy thereof, took reasonable steps to

15   destroy each such visual depiction or reported the matter to a

16   law enforcement agency and afforded that agency access to each

17   such visual depiction.

18        If you find that Mr. Hillie has proven the elements of his

19   affirmative defense by a preponderance of the evidence, you must

20   find him not guilty of possession of child pornography.

21        If you find that Mr. Hillie has not proven the elements of

22   his affirmative defense by a preponderance of the evidence and

23   that the government has proven the elements of possession of

24   child pornography beyond a reasonable doubt, you must find

25   Mr. Hillie guilty of possession of child pornography.

1     Possess means to exercise authority, dominion or control

2   over something.  The law recognizes different kinds of

3   possession.  Possession includes both actual and constructive

4   possession.  A person who has direct physical control of

5   something on or around his or her person is in actual possession

6   of it.

7     A person who is not in actual possession but who has both

8   the power and the intention to exercise control over something,

9   is in constructive possession of it.

10     Possession includes both sole possession and joint

11  possession.  If one person alone has actual or constructive

12  possession, possession is sole.

13     If two or more persons share actual or constructive

14  possession, possession is joint.

15     The government must prove beyond a reasonable doubt that

16  the sexually explicit images were of an actual child and not

17  computer-generated images.

18     The terms "knowingly" and "knew" meant that the act was

19  done voluntarily and intentionally and not because of mistake or

20  by accident.

21     The terms sexually explicit conduct, interstate or foreign

22  commerce, visual depiction, minor, and lascivious exhibition have

23  been defined for you in Counts 1 and 2, and they also -- those

24  same terms apply to Count 3.

25     I'm going to take us through Counts 4 through 7, and then

1  we'll stand and stretch for a little break.

2        Counts 4 through 7 of the indictment charge Charles Hillie

3  with attempted sexual exploitation of a minor.  Specifically, for

4  Count 4, the indictment alleges that between on or about May 1st,

5  2007 and on or about May 31st, 2012, in the District of Columbia,

6  the defendant, Charles Hillie, did knowingly and intentionally

7  attempt to employ and use Janika, a female minor between 10 and

8  15 years of age, to engage in sexually explicit conduct; that is,

9  the lascivious exhibition of Janika's genitalia and pubic area

10  for the purpose of producing any visual depiction of such conduct

11  by Charles Hillie's surreptitious recording of Janika in the

12  bathroom of Janika's residence depicted in the video file

13  entitled G.3GP -- Excuse me, J.3GP -- and the visual depiction

14  was produced or transmitted using materials that had been mailed,

15  shipped, or transported in or affecting interstate or foreign

16  commerce by any means, including by computer.

17        The allegations for Counts 5, 6, and 7 are essentially the

18  same.  I'm going to read them quickly, and you'll notice certain

19  differences in the date ranges in the locations indicated in the

20  age of the alleged individual who was allegedly the victim in the

21  case and the video file.

22        For Count 5, the indictment alleges between on or about

23  July 1st, 2008 and on or about August 30th, 2011, in the District

24  of Columbia, the defendant, Charles Hillie, did knowingly and

25  intentionally attempt to employ and use Janika, a female minor

1    between 11 and 14 years of age, to engage in sexually explicit

2    conduct; that is, the lascivious exhibition of Janika's genitalia

3    and pubic area for the purpose of producing a visual depiction of

4    such conduct by Charles Hillie's surreptitious recording of

5    Janika in the bathroom of Janika's residence, depicted in the

6    video file entitled 738738176_828114484.3GP, and the visual

7    depiction was produced or transmitted using materials that had

8    been mailed, shipped or transported in or affecting interstate or

9    foreign commerce by any means, including by computer.

10         For Count 6, the indictment alleges that on or about

11   October 12th, 2011, in the District of Columbia, the defendant,

12   Charles Hillie, did knowingly and intentionally attempt to employ

13   and use Janika, a 14-year old minor female; that is, the

14   lascivious exhibition of Janika's genitalia and pubic area for

15   the purpose of producing any visual depiction of such conduct by

16   Charles Hillie's surreptitious recording of Janika in the bedroom

17   of Janika's residence depicted in the video file entitled

18   200011012_170649.3GP, which was renamed 720.3GP, and the visual

19   depiction was produced or transmitted using materials that had

20   been mailed, shipped or transported in or affecting interstate or

21   foreign customers by any means, including by computer.

22         And finally in this group, for Count 7, the indictment

23   alleges that between on or about July 1st, 2011 and on or about

24   May 31st, 2012, in the District of Columbia, the defendant,

25   Charles Hillie, did knowingly and intentionally attempt to employ

1    and use Janika, a female minor between 14 and 15 years of age, to

2    engage in sexually explicit conduct; that is, the lascivious

3    exhibition of Janika's genitalia and pubic area for the purpose

4    of producing any visual depiction of such conduct by Charles

5    Hillie's surreptitious recording of Janika in the bedroom of

6    Janika's residence depicted in the video file entitled 065.3GP,

7    and the visual depiction was produced or transmitted using

8    materials that had been mailed, shipped, or transported in or

9    affecting interstate or foreign commerce by any means, including

10   by computer.

11       A person is guilty of violating 18 U.S.C. 2251 when they

12   attempt to commit the crime of sexual exploitation of a minor,

13   whether or not they complete the crime of sexually exploiting a

14   minor.

15       I have already instructed you as to the elements of the

16   crime of sexually exploiting a minor, and I'm now going to list

17   the elements that apply to the crime of attempted sexual

18   exploitation of a minor and define them.

19       The elements that apply to Count 4, Count 5, Count 6, and

20   Count 7 are the same, and the government must prove the elements

21   with respect to each count.  I'm only going to state the elements

22   once now, but you should remember that they apply to each count.

23       The elements of attempted sexual exploitation of a minor

24   are, number one, Mr. Hillie intended to commit the crime of

25   sexual exploitation of a minor as defined above, and two,

1   Mr. Hillie performed one or more acts constituting a substantial

2   step toward the commission of the crime of sexual exploitation of

3   a minor.  The substantial step must be an act that strongly

4   corroborates or confirms that Mr. Hillie intended to carry out

5   the crime of sexual exploitation of a minor.  The government must

6   prove each of these elements beyond a reasonable doubt with

7   respect to each of these counts.

8       If you find from your consideration of all the evidence

9   that the government has failed to prove any one of these elements

10  beyond a reasonable doubt as to Count 4, Count 5, Count 6, or

11  Count 7, then you must find Mr. Hillie not guilty of each charge

12  for which the government has so failed.

13      If you find that the government has proven all of these

14  elements beyond a reasonable doubt as to Count 4, or Count 5, or

15  Count 6, or Count 7, then you must find Mr. Hillie guilty of each

16  charge that the government has so proven.

17      The terms sexually explicit conduct, interstate or foreign

18  commerce, visual depiction, minor, lascivious exhibition,

19  producing, used and employed, have been defined for you in Counts

20  1 and 2 and also apply to Counts 4 through 7.

21      You may not find Charles Hillie guilty of attempting to

22  commit a crime merely because he thought about committing it.

23  You must find that the evidence has proven beyond a reasonable

24  doubt that Mr. Hillie's mental state passed beyond the stage of

25  thinking about the crime to actually intending to commit it.

1    Merely preparing to commit a crime is not a substantial

2  step.  To meet the substantial step element, Mr. Hillie's conduct

3  must go beyond mere preparation and must strongly confirm that he

4  intended to commit the crime.  In other words, you must find that

5  Mr. Hillie took some firm, clear, undeniable action to accomplish

6  his intent to commit the crime of sexual exploitation of a minor.

7    All right.  Let's break for a moment.

8    (Brief pause in the proceedings.)

9    THE COURT:  All right.  You may have a seat.  Thank you.

10   Count 8 of the indictment charges Charles Hillie with

11  first degree sexual abuse with aggravating circumstances.

12   Specifically, the indictment alleges that between on or

13  about July 1st, 2007, and on or about August 30th, 2010, in the

14  District of Columbia, the defendant, Charles Hillie, being more

15  than four years older than Janika, a child under 16 years of age;

16  that is, between 10 and 13 years of age, engaged in a sexual act

17  with that child; that is, penetration of Janika's vulva by

18  Charles Hillie's finger with the intent to abuse, humiliate,

19  harass, degrade, or arouse, or gratify the sexual desire of

20  Charles Hillie or Janika.

21   The Grand Jury further charged that at the time Charles

22  Hillie committed first degree sexual abuse as charged in Count 8

23  of this indictment, Janika was under the age of 18 years and

24  Charles Hillie had a significant relationship to Janika in that

25  Charles Hillie was more than four years older than Janika and

1   resided in the same dwelling as Janika, and in that Charles

2   Hillie was the paramour of the person who was charged with any

3   duty or responsibility for the health, welfare, or supervision of

4   Janika.

5        The Grand Jury further charged that Charles Hillie is or

6   has been found guilty of committing sex offenses against two or

7   more victims.

8        The elements of first degree child sexual abuse, each of

9   which the government must prove beyond a reasonable doubt, are

10   the following:  Number one, that Mr. Hillie engaged in a sexual

11   act with Janika or caused Janika to engage in a sexual act.  The

12   specific sexual act alleged is penetration of Janika's vulva with

13   Mr. Hillie's finger; two, at the time of the sexual act, Janika

14   was under 16 years of age; three, Mr. Charles Hillie was at least

15   four years older than Janika at the time that he engaged in the

16   sexual accident; and four, when he engaged in the sexual act or

17   caused Janika to engage in the sexual act, Mr. Hillie intend to

18   abuse or humiliate Janika or to arouse or gratify his own or

19   another person's sexual desire.

20        If you find from your consideration of all the evidence

21   that the government has failed to prove any of these elements

22   beyond a reasonable doubt as to Count 8, then you must find

23   Mr. Hillie not guilty of that charge.

24        If you find that the government has proven all of these

25   elements beyond a reasonable doubt as to Count 8, then you must

1    find Mr. Hillie guilty of that charge.

2        In addition, if you find that the government has proven

3    the elements of first degree child sexual abuse, you should go on

4    to determine whether it has also proven beyond a reasonable doubt

5    the aggravating circumstances, which I will instruct you on

6    momentarily.

7        Here are the definitions that are applicable:  In

8    determining whether Mr. Hillie penetrated Janika's vulva with his

9    finger, any penetration, however slight, is sufficient.

10        Consent is not a defense to the charge of first degree

11    child sexual abuse.

12        You should not consider any evidence that has been

13    presented on the issue of consent when deciding whether Charles

14    Hillie is guilty or not guilty of this offense.

15        If you believe the testimony of Janika in this case and

16    find that her testimony establishes every element of first degree

17    child sexual abuse beyond a reasonable doubt, the government has

18    met its burden of proof and does not need to present any

19    corroborating evidence before you find Charles Hillie guilty of

20    that offense.

21        If you find Mr. Hillie not guilty of first degree child

22    sexual abuse, you should not consider aggravating circumstances

23    for this count.

24        However, if you find Mr. Hillie guilty of first degree

25    child sexual abuse, you should go on to determine, one, whether

1    the government has also proven beyond a reasonable doubt that

2    Janika was under 18 years of age at the time Mr. Hillie committed

3    this offense and that Mr. Hillie was in a, quote, significant

4    relationship, end quote, with Janika.  Here a significant

5    relationship is defined either as Mr. Hillie being more than four

6    years older than Janika and living in the same dwelling with

7    Janika, or Mr. Hillie being the paramour of the person who was

8    charged with any duty or responsibility for the health, welfare,

9    or supervision of Janika.

10           The second aggravating circumstance is whether the

11   government has also proven beyond a reasonable doubt that

12   Mr. Hillie is guilty of committing sexual offenses against two

13   victims, Jaden and Janika.

14           Counts 9 and 10 and Counts 13 through 17 of the indictment

15   each charge Charles Hillie with second degree child sexual abuse

16   with aggravating circumstances.  The differences between each of

17   those counts are the dates on which the crimes allegedly

18   occurred, whether the charged offense involved Janika or Jaden,

19   and the area of Janika or Jaden's bodies that Mr. Hillie

20   allegedly touched.

21           Specifically, for Count 9, the indictment alleges that

22   between on or about July 1st, 2007 and on or about August 30th,

23   2009, within the District of Columbia, the defendant, Charles

24   Hillie, being more than four years older than Janika, a child

25   under the age of 16, years; that is, between 10 and 12 years of

1       age, engaged in sexual contract with that child; that is, contact

2       between Charles Hillie's hand and Janika's buttocks with the

3       intent to abuse, humiliate, harass, degrade, or arouse, or

4       gratify the sexual desire of Charles Hillie or Janika.

5           For Count 10, the indictment alleges that between on or

6       about July 1st, 2007 and on or about May 31, 2012, within the

7       District of Columbia, the defendant, Charles Hillie, being more

8       than four years older than Janika, a child under 16 years of age;

9       that is, between 10 and 15 years of age, engaged in sexual

10      contact with Janika; that is, contact between Charles Hillie's

11      hand and Janika's breasts with the intent to abuse, humiliate,

12      harass, degrade, or arouse or gratify the sexual desire of

13      Charles Hillie or Janika.

14          Count 11 was already resolved during the course of the

15      trial, and it will not be presented for your consideration.

16          For Count 13, the indictment alleges that between on or

17      about May 5th, 2011 and on or about December 31st, 2011, within

18      the District of Columbia, the defendant, Charles Hillie, being

19      more than four years older than Jaden, a child under 16 years of

20      age; that is, nine years of age, engaged in sexual contact with

21      that child; that is, contact between Charles Hillie's hand and

22      Jaden's breasts with the intent to abuse, humiliate, harass,

23      degrade, or arouse, or gratify the sexual desire of Charles

24      Hillie or Jaden.

25          Count 14 alleges that between on or about May 5th, 2011

1    and on or about December 31st, 2011, within the District of

2    Columbia, the defendant, Charles Hillie, being more than four

3    years older than Jaden, a child under 16 years of age; that is,

4    nine years of age, engaged in sexual contact with that child;

5    that is, contact between Charles Hillie's hand and Jaden's vulva,

6    with the intent to abuse, humiliate, harass, degrade, or arouse,

7    or gratify the sexual desire of Charles Hillie or Jaden.

8        Count 15 alleges that between on or about June 1st, 2012

9    and on or about December 31st, 2012, within the District of

10   Columbia, the defendant, Charles Hillie, being more than four

11   years older than Jaden, a child under 16 years of age; that is,

12   ten years of age, engaged in sexual contact with that child; that

13   is, contact between Charles Hillie's hand and Jaden's buttocks

14   with the intent to abuse, humiliate, harass, degrade, or arouse,

15   or gratify the sexual desire of Charles Hillie or Jaden.

16       For Count 16, the indictment alleges that on or about June

17   1st, 2012 and on or about December 31st 2012, within the District

18   of Columbia, the defendant, Charles Hillie, being more than four

19   years older than Jaden, a child under 16 years of age; that is,

20   ten years of age, engaged in sexual contact with that child; that

21   is, contact between Charles Hillie's hand and Jaden's breasts

22   with the intent to abuse, humiliate, harass, degrade, or arouse,

23   or gratify the sexual desire of Charles Hillie or Jaden.

24       And for Count 17, the indictment alleges that between on

25   or about June 1st, 2012 and on or about December 31st 2012,

1    within the District of Columbia, the defendant, Charles Hillie,

2    being more than four years older than Jaden, a child under 16

3    years of age; that is, ten years of age, engaged in sexual

4    contact with that child; that is, contact between Charles

5    Hillie's hand and Jaden's vulva, with the intent to abuse,

6    humiliate, harass, degrade, or arouse, or gratify the sexual

7    desire of Charles Hillie or Jaden.

8          For each of Counts 9 and 10 and Counts 13 through 17, the

9    indictment also alleges aggravating circumstances.  Specifically,

10   the indictment further charges that at the time Charles Hillie

11   committed second degree child sexual abuse as charged in Counts 9

12   and 10, and Counts 13 through 17, Jaden and Janika were under the

13   age of 18 years, and Mr. Hillie had a significant relationship to

14   Jaden and Janika in that Mr. Hillie was more than four years

15   older than Jaden and Janika and resided in the same dwelling as

16   Jaden and Janika and in that Mr. Hillie was the paramour of the

17   person who was charged with any duty or responsibility for the

18   health, welfare, or supervision of Jaden or Janika.

19         And the indictment further charges that Mr. Hillie is or

20   has been found guilty of committing sex offenses against two or

21   more victims.

22         I'm now going to list the elements that apply to each of

23   these counts and define them.  I will not repeat the elements

24   over and over.  The elements that apply to each of these counts

25   are the same, and the government must prove the elements with

1    respect to each count.  The elements of second degree child

2    sexual abuse are, one, that Mr. Hillie engaged in a sexual

3    contact with Jaden or Janika, or caused Jaden or Janika to engage

4    in a sexual contact.

5        The specific sexual contact alleged for each count is, for

6    Count 9, contact between Mr. Hillie's hand and Janika's buttocks;

7    for Count 10, contact between Mr. Hillie's hand and Janika's

8    breast; for Count 13, contact between Mr. Hillie's hand and

9    Jaden's breast; for Count 14, contact between Mr. Hillie's hand

10   and Jaden's vulva; for Count 15, contact between Mr. Hillie's

11   hand and Jaden's buttocks; for count 16, contact between

12   Mr. Hillie's hand and Jaden's breast; for Count 17, contact

13   between Mr. Hillie's hand and Jaden's vulva.

14       Sexual contact was the first element.  The second element

15   is, at the time of the sexual contact, Janika or Jaden was under

16   16 years of age.

17       Three, Mr. Hillie was at least four years older than

18   Janika or Jaden at the time he engaged in the sexual contact.

19   And four, when he engaged in the sexual contact or caused Janika

20   or Jaden to engage in the sexual contact, Mr. Hillie intended to

21   abuse or humiliate Janika or Jaden, or to arouse or gratify his

22   own or another person's sexual desire.

23       The government must prove each of these elements beyond a

24   reasonable doubt with respect to each of the counts.  If you find

25   from your consideration of all the evidence that the government

1    has failed to prove any one of these elements beyond a reasonable

2    doubt as to any of these counts, then you must find Mr. Hillie

3    not guilty of that count.

4         So, for example, if you find that the government has

5    failed to prove any of the elements as to Count 9 beyond a

6    reasonable doubt, then you must find Mr. Hillie not guilty as to

7    Count 9.

8         If, on the other hand, you find that the government has

9    proven all the elements beyond a reasonable doubt as to a count,

10   then you must find Mr. Hillie guilty of that count.

11        In addition, if you find the government has proven the

12   elements of second degree child sexual abuse for any count, you

13   should go on to determine whether it has also proven beyond a

14   reasonable doubt the aggravating circumstances as to that count,

15   which I will instruct you on.

16        Consent is not a defense to a charge of second degree

17   child sexual abuse.  You should not consider any evidence that

18   has been presented on the issue of consent when deciding whether

19   Charles Hillie is guilty or not guilty of these offenses.

20        If you believe the testimony of Janika or Jaden in this

21   case and find that her testimony establishes every element of

22   second degree child sexual abuse beyond a reasonable doubt, the

23   government has met its burden of proof and does not need to

24   present any corroborating evidence before you find Charles Hillie

25   guilty of that offense.

1      If you find Mr. Hillie not guilty of a particular count or

2  counts of child sexual -- excuse me -- or counts of second degree

3  child sexual abuse, you should not consider aggravating

4  circumstances for these counts.

5      However, if you find Mr. Hillie guilty of second degree

6  child sexual abuse, you should go on to determine for each count

7  for which you find him guilty, one, whether the government has

8  also proven beyond a reasonable doubt that Janika or Jaden was

9  under 18 years of age at the time Mr. Hillie committed the

10  offense, and that Mr. Hillie was in a significant relationship

11  with Janika or Jaden.

12      Here significant relationship is defined either as

13  Mr. Hillie being more than four years older than Janika or Jaden

14  and living in the same dwelling as Janika or Jaden, or Mr. Hillie

15  being the paramour of the person who was charged with any duty

16  and responsibility for the health, welfare, or supervision of

17  Janika or Jaden.

18      And the second aggravating circumstance, which you may go

19  on to find, is whether or not the government has also proven

20  beyond a reasonable doubt that Mr. Hillie is guilty of committing

21  sex offenses against two victims, Janika and Jaden.

22      Now, if you've been paying attention, you've noticed that

23  I skipped Count 12.  Count 12 of the indictment charges Charles

24  Hillie with second degree child sexual abuse of a minor with

25  aggravating circumstances.

1          Specifically, the indictment alleges that between on or

2    about June 1st, 2014 and on or about June 30th, 2014, within the

3    District of Columbia, the defendant Charles Hillie, being 30

4    years old, and being in a significant relationship with Janika, a

5    17-year old minor female, in that Charles Hillie was more than

6    four years older than Janika and resided in the same dwelling as

7    Janika, and in that Charles Hillie was the paramour with the

8    person who was charged with any duty or responsibility for the

9    health, welfare, or supervision of Janika, engaged in a sexual

10   contact with Janika; that is, contact between Charles Hillie's

11   hand and Janika's buttocks with the intent to abuse, humiliate,

12   harass, degrade, or arouse, or gratify the sexual desire of

13   Charles Hillie or Janika.

14          The Grand Jury further charged that Charles Hillie is or

15   has been found guilty of committing sex offenses against two or

16   more victims.

17          Count 12 alleges sexual abuse of a minor and is charged

18   under a different statute than the preceding counts, alleging

19   child sexual abuse because, at the time this conduct allegedly

20   occurred, Janika was allegedly 16 years of age or older, whereas,

21   in the previous counts, she was allegedly under 16 years of age.

22          The five elements of second degree child -- excuse me, the

23   five elements of second degree sexual abuse of a minor, each of

24   which the government must prove beyond a reasonable doubt, are

25   the following:  One, that Charles Hillie engaged in a sexual

1   contact with Janika or caused Janika to engage in sexual

2   contact -- the specific sexual contact alleged is contract

3   between Mr. Hillie's hand and Janika's buttocks; two, at the time

4   of the sexual contact, Mr. Hillie was 18 years of age or older;

5   three, at the time of the sexual contact, Janika was 18 years of

6   age -- excuse me, was under 18 years of age; four, at the time of

7   the sexual contact, Mr. Hillie was in a significant relationship

8   with Janika.  A significant relationship is defined either as

9   Mr. Hillie either being more than four years older than Janika

10  and living in the same dwelling with Janika, or Mr. Hillie being

11  the paramour of the person who was charged with any duty or

12  responsibility for the health, welfare or supervision of Janika.

13       And the fifth element is, when Mr. Hillie engaged in the

14  sexual contact with Janika or caused Janika to engage in the

15  sexual contact, Mr. Hillie intended to abuse or humiliate Janika

16  or to arouse or gratify his own or another person's sexual

17  desire.

18       If you find from your consideration of all the evidence

19  that the government has failed to prove any one of these elements

20  beyond a reasonable doubt as to Count 12, then you must find

21  Mr. Hillie not guilty of that charge.

22       If you find that the government has proven all of these

23  elements beyond a reasonable doubt as to Count 12, then you must

24  find Mr. Hillie guilty of that charge.

25       In addition, if you find that the government has proven

1    the elements of second degree sexual abuse of a minor, you should

2    go on to determine whether it is also proven beyond a reasonable

3    doubt the aggravating circumstance that is a applicable to this

4    offense, which I will instruct you on momentarily.

5         Again, consent is not a defense to a charge of second

6    degree sexual abuse of a minor.

7         Also, if you believe the testimony of Janika in this case

8    and find that her testimony establishes every element of this

9    offense beyond a reasonable doubt, the government has met its

10   burden of proof and does not need to present any corroborating

11   evidence before you find Charles Hillie guilty of the offense.

12        If you find Mr. Hillie not guilty of second degree abuse

13   of a minor, you should not consider aggravating circumstances for

14   this count.  However, if you find Mr. Hillie guilty of second

15   degree sexual abuse of a minor, you should go on to determine

16   whether the government has also proven beyond a reasonable doubt

17   the following aggravating circumstance, which is that Mr. Hillie

18   is guilty of committing sexual offenses against two victims,

19   Janika and Jaden.

20        The defense contends that the government has not and

21   cannot prove beyond a reasonable doubt that Charles Hillie

22   intended to employ or use Janika to produce or attempted to

23   produce sexually explicit videos.

24        The defense also contends that the charges concerning

25   Jaden are not credible and that any accidental touching of Jaden

1   is not illegal.

2        In addition, the defense contends that the sex abuse

3   charges concerning Janika are not true.  Janika has previously

4   stated, according to the defense, that she was not improperly

5   touched, and her present claims are not credible.

6        The defense also maintains that the government has not and

7   cannot prove beyond a reasonable doubt that Mr. Hillie has

8   committed the charged offenses and that he must be acquitted of

9   all counts.

10        I have now instructed you, both as to the general and the

11   specific legal rules that control your decision regarding the

12   facts of the case, and I now want to give you just a few

13   remaining instructions regarding the process of your

14   deliberations.

15        When you return to the jury room, you should first select

16   a foreperson to preside over your deliberations and to be your

17   spokesperson here in court.  There are no specific rules

18   regarding how you should select a foreperson.  That is up to you.

19   However, as you go about the task, be mindful of your mission to

20   reach a fair and just verdict based on the evidence.  Consider

21   selecting a foreperson who will be able to facilitate your

22   discussions, who can help you organize the evidence, who will

23   encourage civility and mutual respect among all of you, who will

24   invite each juror to speak up regarding his or her views about

25   the evidence, and who will promote a full and fair consideration

1    of that evidence.

2         The attitude and conduct of jurors at the beginning of

3    their deliberations are matters of considerable importance.  It

4    may not be useful for a juror, upon entering into a jury room, to

5    voice a strong expression of an opinion on a case or to announce

6    a determination to stand for a certain verdict.  When one does

7    that at the outset, a sense of pride may cause that juror to

8    hesitate, to back away from an announced position after a

9    discussion of the case.

10        Furthermore, many juries find it useful to avoid an

11   initial vote upon retiring to the jury room.  Calmly reviewing

12   and discussing the case at the beginning of deliberations is

13   often a more useful way to proceed.  Remember that you are not

14   partisans or advocates in this matter, but you are judges of the

15   facts.

16        The question of possible punishment of the defendant in

17   the event of a conviction is not a concern of yours, and you --

18   and should not enter into or influence your deliberations in any

19   way.  The duty of imposing sentence in the event of a conviction

20   rests exclusively with me.  Your verdict should be based solely

21   on the evidence in this case, and you should not consider the

22   matter of punishment at all.

23        During the trial, I've permitted jurors who wanted to to

24   take notes.  You may take your notebooks with you to the jury

25   room and use them during your deliberations if you wish.  As I

1    told you at the beginning of the trial, your notes are only to be

2    an aid to your memory.  They are not evidence in the case and

3    they should not replace your own memory of the evidence.  The

4    jurors who have not taken notes should rely on their own memory

5    of the evidence.  The notes are intended to be for the note

6    taker's own personal use.

7         I will be sending with you to the jury room the exhibits

8    that have been admitted into evidence.  You may examine any or

9    all of them as you consider your verdicts.  Please keep in mind

10   that exhibits that were only marked for identification but were

11   not admitted into evidence will not be given to you to examine or

12   consider when reaching your verdict.

13        During the course of this trial, prior sworn statements

14   were referenced.  Where this occurred and where those statements

15   were admitted into evidence, only the parts that have been

16   admitted will be provided.  Thus, as you examine the exhibits, if

17   you see a document where there appears to be omissions, you

18   should not guess as to what was taken out.

19        You will be provided with a verdict form for use when you

20   have concluded your deliberations.  The form is not evidence in

21   this case and nothing in it should be taken to suggest or convey

22   any opinion by me as to what the verdict should be.

23        Nothing in the form replaces the instructions of law that

24   I have given you, and nothing in it replaces or modifies the

25   instructions about the elements which the government must prove

1    beyond a reasonable doubt.

2        The form is meant only to assist you in recording your

3    verdict.

4        Each count of the indictment charges a separate offense.

5    You should consider each offense and the evidence which applies

6    to it separately, and you should return separate verdicts as to

7    each count.  The fact that you may find the defendant guilty or

8    not guilty on any one count of the indictment should not

9    influence your verdict with respect to any other count of the

10   indictment.

11       At any time during your deliberations, you may return your

12   verdict of guilty or not guilty with respect to any count.

13       A verdict must represent the considered judgment of each

14   juror, and in order to return a verdict, each juror must agree on

15   the verdict.  In other words, your verdicts must be unanimous.

16       I would like to remind you that in some cases there may be

17   reports in the newspaper and Internet and television; not

18   necessarily this case.  If there should be such media coverage,

19   you may be tempted to read, listen, or watch.  You must not do

20   so, because you must decide this case solely on the evidence

21   presented in this courtroom.

22       If any publicity about this trial inadvertently comes to

23   your attention, do not discuss it with other jurors or anyone

24   else, just let me or my clerk know as soon as it happens, and I

25   will then briefly discuss it with you.

1          As you retire to the jury room to deliberate, I also wish

2    to remind you of an instruction that I gave you at the beginning

3    of the trial.  During the deliberations, you may not communicate

4    with anyone who is not on the jury about this case.  This

5    includes any electronic communication such as e-mail or texting

6    or blogging.  In addition, you may not conduct any independent

7    investigation, no research in person or electronically.

8          If it becomes necessary during your deliberations to

9    communicate with me, you may send a note by the clerk or the

10   marshal who will be outside of the jury room, signed by the

11   foreperson or by one or more members of the jury.

12         No member of the jury should try to communicate with me

13   except by such a signed note, and I will never communicate with

14   any member of the jury on any matter concerning the merits of

15   this case, except in writing or orally here in open court.

16         Bear in mind also that you are never under any

17   circumstances to reveal to any person, not the clerk, not the

18   marshal, or me, how jurors are voting until after you have

19   reached a unanimous verdict.  This means that you should never

20   tell me in writing or in open court how the jury is divided on

21   any matter.  For example, six-six or seven-five or eleven-one, or

22   in any other fashion, whether the vote is for conviction or

23   acquittal or it pertains to any other issue in the case.

24         Let me have counsel approach.

25         (Following sidebar discussion had on the record:)

1      THE COURT:  All right.  So, essentially, I've reached the

2  end.  The last thing I want to do is -- or I need to do is to

3  excuse the alternates.  So, at this point, I wanted to hear from

4  any of you whether there's anything in the instructions that I

5  have already given that I need to correct or.....

6      MS. SLAIGHT:  I just wanted to confirm that you gave the

7  defense theory of the case.

8      THE COURT:  I did.

9      MS. SLAIGHT:  Okay.

10      THE COURT:  I did.

11      MS. SLAIGHT:  No corrections.

12      MS. HERTZFELD:  No corrections.

13      THE COURT:  All right.  As we agreed to before this

14  process began, jurors in seat 6 and 13 are the alternates, and I

15  will now announce that.  All right.

16      MS. HERTZFELD:  Thank you.

17      THE COURT:  Thank you.

18      (Sidebar discussion concluded.)

19      THE COURT:  So, the last thing that I must do before you

20  begin your deliberations is to excuse the alternate jurors.

21      As I told you before, the selection of alternates was an

22  entirely random process.  It's nothing personal.  We, in fact,

23  selected two seats to be the alternate seats before any of you

24  were entering this courtroom.

25      Since the rest of you have remained healthy and active and

1   we don't need the alternates in this matter, I can now excuse

2   those jurors, and they are the jurors who are in seats 6 and 13.

3   Before you leave, I'm going to ask you to tear out a page from

4   your notebooks and to write down your name and a daytime phone

5   number and hand this to the clerk.  I do this because it is

6   possible, although unlikely, that we will need to summon you back

7   to rejoin the jury in case something happens to a regular juror.

8   Since that possibility exists, I'm also going to instruct you not

9   to discuss this case with anyone until we call you to let you

10  know the verdict has been reached.  My earlier instruction on the

11  use of the use of the Internet still applies to the exiting

12  alternates.  Please don't research or communicate about this.  In

13  all likelihood, we will be calling you to tell you there's a

14  verdict and that you're now free to discuss the case.  There is a

15  small chance that we'll need to bring you back to join the jury.

16  Thank you so much for your service.

17          Please report to -- should I have them come talk with

18  you -- yes, with my courtroom deputy, who will retrieve your

19  badges.  We thank you again.

20          (Thereupon the alternate jurors were excused.)

21          THE COURT:  So, for the rest of you, it is time to

22  deliberate.  Please gather all of your things, including your

23  notebooks.  For those of you who are taking notes, my court staff

24  will come back to you to give you all of the exhibits and my

25  instructions.  And again, thank you for your service.

1        (Thereupon, the jury was excused to begin deliberations.)

2        THE COURT:  My plan is to have the jurors deliberate for

3    about an hour today, until 5:00, and, consistent with my ordinary

4    practice, we don't really need to have you all here.

5        My courtroom deputy is used to just discharging them at

6    the appropriate time, if they haven't reached a verdict, and, of

7    course, if there are any notes or any other issues, we will

8    contact you and have you return, but you don't have to sit here

9    for the time, and you can assume that they'll deliberate until 5

10   today, if necessary, and then be back again tomorrow morning at

11   9:30.  Ms. Slaight.

12       MS. SLAIGHT:  Your Honor, do you want us here for the end

13   of the day release and the beginning of the next day or --

14       THE COURT:  No, I don't think that's necessary, assuming

15   nothing has happened.  Ms. Franklin will just excuse them at 5

16   today.

17       MS. SLAIGHT:  And bring them back tomorrow without us?

18       THE COURT:  I think.

19       THE DEPUTY CLERK:  I have counsel's telephone number, so

20   if we get a note, I'll be calling you.

21       MS. SLAIGHT:  And today I'm going to stay in the

22   courthouse until 5, but in the future I'm about five minutes

23   away.

24       THE COURT:  Great.

25       MS. SLAIGHT:  Is that all right?

1      THE COURT:  That's fine.  We'll -- if anything comes up,

2  we'll contact everybody before we address it.

3      MS. SLAIGHT:  And the other issue is, I have the exhibit

4  list for the defense, but it included the impeaching statements

5  that could not be admitted, so I don't have -- I couldn't, you

6  know, during the day do an updated one, so --

7      THE COURT:  I'm not sure that the list itself goes back.

8  I think it's just the actual physical documents.

9      MS. SLAIGHT:  All right.  Okay.

10      THE COURT:  So I wasn't intending to have you update that.

11      MS. SLAIGHT:  Okay.

12      THE COURTROOM CLERK:  I have an exhibit list that she

13  created, which you only have three exhibits moved into evidence.

14      MS. SLAIGHT:  Right.

15      THE COURT:  Anything else?

16      MS. HERTZFELD:  No, Your Honor.

17      THE COURT:  All right.  So, we will wait to hear.  Thank

18  you.

19      (Proceedings adjourned at 4:04 p.m.)

20

21  (5:14 p.m.)

22      THE COURT:  I assume you all have seen copies of the note

23  at this point.  I think it's a pretty straightforward analysis,

24  and I think I know where the confusion comes from.

25      We've looked carefully at the statute, and this is 18

1    U.S.C. Section 2256, which is the definitions for sexual

2    exploitation and other abuse of children.  And for the purposes

3    of this chapter -- and let me figure out -- okay, I'm looking at

4    18 U.S.C. Section 2256 -- 1 -- sorry, 2(a) little 5, which is

5    lascivious exhibition, and it says, "lascivious exhibition of the

6    genitals or pubic area of any person."  I think the confusion is

7    because I quoted the indictment, which says "and," and so they

8    have access to two different ways of evaluating this.  But my

9    proposal is just to call them back and read from my statement of

10   the elements in my definition in which I did properly define

11   lascivious exhibition as exhibition of the genitals or pubic

12   area.  Any comments?

13       MS. HERTZFELD:  I think Your Honor is right about the

14   problem and also the proposal to resolve it.

15       THE COURT:  All right.  Ms. Slaight.

16       MS. SLAIGHT:  Well, that is what the statute says, but I

17   think that brings up a unanimity problem that the jurors must all

18   decide on one or the other, I would say.

19       THE COURT:  I don't know that I see that as a unanimity

20   problem.  Let me think about it for a second.  I'm not sure that

21   the element is not satisfied if some jurors say genitals and some

22   say pubic area, which would be the concern that you're raising in

23   terms of lascivious exhibition.  I mean, obviously I did not

24   previously address that.  I cannot imagine that in every statute

25   when you're talking about criminal behavior being defined as a

1   certain thing, every time it says "or" the jurors have to be

2   asked specifically whether they agree to -- it depends on the

3   nature of the thing, I would think, but in this situation, I

4   can't imagine that we have to poll them as to whether or not they

5   thought genitals verse pubic area, but let me ask the government.

6       MS. HERTZFELD:  I tend to agree with Your Honor.  I'm

7   thinking, for example, of a statute like "enticing", for example,

8   that says "entice, coerce, induce," you know.  I think it's --

9   it's like four different verbs you could use, but it's always

10  charged as "and" because it could be any one of those, and it's

11  often charged as "and" and we don't have the jury make a separate

12  finding as to whether they enticed or coerced or used, and to

13  make --

14      THE COURT:  I think that's right.  In criminal law, I just

15  have not seen special verdict forms that go into that level of

16  detail for the purpose of avoiding a unanimity issue with respect

17  to --

18      MS. HERTZFELD:  I have not --

19      THE COURT:  -- with respect to criminal behavior,

20  especially as is defined in this case.  It would seem to me that

21  if the jurors collectively agree that either the genitals or the

22  pubic area -- and some can say genitals or pubic area -- they

23  would both then be reaching, yes, there was a lascivious

24  exhibition, so they would unanimously determine lascivious

25  exhibition, I think.

1       MS. HERTZFELD:  Well.  I think that's also, Your Honor --

2  Even in the same provision, we say use and employ.  I think where

3  you're using multiple ways of describing something, for those

4  purposes I have not seen in any case a unanimity problem arising

5  from statutory language that's written in that way or that's

6  indicted to include both.

7       THE COURT:  Yeah.  I tend to agree.  So I think we're just

8  going to clarify for them that it doesn't need to be both in the

9  way that my original language from the instruction when I talk

10  about the element lays it out.

11       Any other thoughts?  Given the time, I guess I'm wondering

12  whether we should just excuse them after that, or did they

13  indicate that they wanted to continue once they got the answer?

14       (Discussion had off the record.)

15       THE COURT:  So then I'll just excuse them.  That's my

16  thought.  All right.  So we'll bring them in.  Thank you.

17       (Jury in at 5:21 p.m.)

18       THE COURT:  You may be seated.  So, the Court has received

19  a note which I have shared with counsel, and we've discussed the

20  way to respond.  Let me read the note for the record, just so

21  everyone is clear as to what is being discussed.  This is the

22  note from the jury dated 4-4-2018 at 4:45 p.m.

23       "The jury needs to clarify the explanation of Counts 1 and

24  2, including the wording of the elements of sexual exploitation:

25  Quote, 'Exhibition of Janika's genital and pubic area,' end

1    quote," and the "and" is underlined, or, quote, "exhibition of

2    the genitals or pubic area," end quote, and the "or" is

3    underlined.

4         To respond to your question, I am going to reread the

5    section of my instructions in which I lay out the three elements

6    of the crime of sexual exploitation of a minor.

7         The elements of sexual exploitation of a minor are, one,

8    that Charles Hillie did employ or use Janika to engage in

9    sexually explicit conduct; that is, the lascivious exhibition of

10   the genitals or pubic area of Janika, for the purpose of

11   producing a visual depiction of such conduct; and two, at the

12   time, Janika was a minor; and three, that the visual depiction

13   was either produced or transmitted using materials that had been

14   mailed, shipped, or transported in or affecting interstate or

15   foreign commerce, including by a computer."

16        So, that is the statement of the elements.  The jury did

17   not indicate an interest in my rereading the entirety of that

18   instruction, and the jury has the instruction in the jury room

19   with them.

20        I think at this time, given the hour, my suggestion is

21   that we break for the evening and that you all will return

22   tomorrow at 9:30.  I'm giving you the standard cautionary

23   instructions.  Obviously, when you are in deliberations you can

24   discuss this case now with your fellow jurors, but please do not

25   discuss it individually with subgroups.  You should all be

1   present, and please do not discuss it with anyone outside of the

2   jury room.

3       Again, your verdict must be based on only the evidence

4   that was presented in this courtroom, so no investigation,

5   research, reading the paper related to this, or any other thing,

6   and we will see you again at 9:30.

7       My intention is to just have you come in and go into the

8   deliberation room.  And again, do not start to discuss the case

9   until everyone is present, and we'll pick up at 9:30 and be

10   waiting to hear from you.  All right.  Thank you.

11       (Jury out at 5:25 p.m.)

12       THE COURT:  All right.  So, just to clarify, we don't need

13   to convene, I think, again in the morning.  We'll just have you

14   all be on standby unless and until we hear from them again.  All

15   right.  Thank you.

16       (Proceedings adjourned at 5:25 p.m.)

17

18

**C E R T I F I C A T E**

19

20        I, Scott L. Wallace, RDR-CRR, certify that
the foregoing is a correct transcript from the record of

21   proceedings in the above-entitled matter.

22

/s/ Scott L. Wallace        7/26/19

23   ----------------------------   ----------------
     **Scott L. Wallace, RDR, CRR**     **Date**

24      **Official Court Reporter**

25