```
                                                              1
 1                UNITED STATES DISTRICT COURT

 2                FOR THE DISTRICT OF COLUMBIA

 3

 4

 5   UNITED STATES OF AMERICA,         :
                                       :
 6                 Plaintiff,          :
                                       :    CR NO. 16-030
 7   v.                                :
                                       :
 8   CHARLES HILLIE,                   :
                                       :
 9                 Defendant.          :
     ----------------------------------------------------------
10              TRANSCRIPT OF MOTIONS HEARING

11        BEFORE THE HONORABLE KETANJI BROWN JACKSON

12              UNITED STATES DISTRICT JUDGE

13                Tuesday, March 21, 2017

14   APPEARANCES:

15     For the Plaintiff:  LINDSAY JILL SUTTENBERG, AUSA
                           KENECHUKWU O. OKOCHA, AUSA
16                         UNITED STATES ATTORNEY'S OFFICE
                           Washington, D.C.
17

18     For the Defendant:  TONY W. MILES, ESQ.
                           FEDERAL PUBLIC DEFENDER FOR THE
19                         DISTRICT OF COLUMBIA
                           625 Indiana Avenue, NW
20                         Suite 550
                           Washington, DC 20004
21

22

23
     Proceedings reported by machine shorthand, transcript
24   produced by computer-aided transcription.

25              (202)354-3118                       Room 6509
```

BARBARA DE VICO, FOCR, CRR, RMR

2

1           PROCEEDINGS

2                DEPUTY CLERK:  Your Honor, this is Criminal
3      Case 16-030, United States of America v. Charles Hillie.
4      I'm going to ask counsel to please approach the podium
5      and identify yourselves for the record.
6                MS. SUTTENBERG:  Good morning, Your Honor.
7      Lindsay Suttenberg on behalf of the government.
8                THE COURT:  Good morning, Ms. Suttenberg.
9                MR. OKOCHA:  Good morning, Your Honor.
10     Kenechukwu Okocha on behalf of the United States.
11               THE COURT:  Mr. Okocha.
12               MR. MILES:  Tony Miles for the United States.
13               THE COURT:  Good morning, Mr. Miles and
14     Mr. Hillie.  This is a status conference in which I'm
15     hoping to hear from you regarding where we are going in
16     terms of the progress of this case.
17               MR. MILES:  Sure.  Your Honor, the parties
18     have been negotiating, still we're, there's been an
19     offer, we're waiting for a counteroffer.  What we
20     suggest doing, because we realize that I think everybody
21     is interested, including my client, if we're not going
22     to resolve this we want to get to trial quickly, but we
23     also don't want to rush to trial if we can't resolve it.
24               What we suggest doing, what we think we need,
25     maybe two to three more weeks to figure out if we can

1  resolve this.  If we can't resolve it, we would like
2  about two weeks until motions are due.
3          So what we're suggesting is perhaps today we
4  set a schedule for the filing of motions about four to
5  five weeks out.
6          THE COURT:  All right.
7          MR. MILES:  And that way I think it's obvious
8  why we're suggesting that, and that allows us to
9  negotiate and do the motions.
10         THE COURT:  But hold off on the trial date?
11         MR. MILES:  Yes, please.
12         THE COURT:  Okay.
13         MR. MILES:  Yes.
14         THE COURT:  That's fine.  What I will do
15 first, though, is perhaps get a sense of what motions
16 you think might remain after my order.
17         MR. MILES:  I believe --
18         THE COURT:  I have a list here.  My law clerk
19 put a list together.  I don't know if you recall the
20 ones that were previously obtainable.
21         MR. MILES:  I remember some.  I don't remember
22 all of them.  I believe a lot of the same motions I
23 think as I look at the indictment, I do intend to file
24 another motion to dismiss the indictment on the same
25 grounds, but I have to revise the facts.  They have

1   modified the indictment so I think, you know, it's a
2   little different factual situation now, but we do intend
3   to file that same motion.
4           THE COURT:  As to the arguments that were not
5   addressed in the opinion, basically.  I think there are
6   a set of motions to dismiss indictments that the Court
7   did not address.
8           MR. MILES:  I do plan to file on the issues
9   the Court did not address.
10          THE COURT:  Okay.
11          MR. MILES:  But also the issue for which the
12  Court did provisionally dismiss the indictment.
13          THE COURT:  Right.
14          MR. MILES:  I think that after they've gone
15  back and gone to the grand jury and modified the
16  indictment, I think some of the still issues are
17  present.
18          THE COURT:  Okay.
19          MR. MILES:  To a different degree, but I think
20  some are still present.
21          THE COURT:  So a motion to dismiss the
22  indictment you foresee.  What about --
23          MR. MILES:  Certainly the motion to suppress
24  evidence.
25          THE COURT:  Right.

1   MR. MILES: On the various grounds.
2   THE COURT: Okay. There was a motion to
3   sever.
4   MR. MILES: That, I would file that.
5   THE COURT: Okay. I think it's, I think that
6   one is still pending, actually. I think I just carved
7   it out, but I'll go back procedurally and figure out
8   what is here. The motion to suppress I think is still
9   pending.
10  MR. MILES: Just for clarification, I thought
11  what happened is that the Court, I thought we had just
12  to refile all the motions again.
13  THE COURT: I think we were, it was unclear as
14  to where we were.
15  MR. MILES: Okay.
16  THE COURT: Because the Court dismissed the
17  indictment provisionally, allowing the government the
18  opportunity to supersede, which it did.
19  MR. MILES: Right.
20  THE COURT: If it had not, then the whole case
21  would be over and those motions would be mooted.
22  MR. MILES: Right.
23  THE COURT: All of them, and then I suppose
24  the government could have filed a new indictment, but
25  then you'd have to refile the motions.

6

1  MR. MILES:  Okay.

2  THE COURT:  Because the government came with a
3  superseding indictment, then I think at least those
4  stand-alone motions that were not touched by the
5  dismissal of the indictment remain.

6  MR. MILES:  Okay.

7  THE COURT:  Such that there's no action needed
8  in the severance.  The motion to suppress statements or
9  tangible evidence and the identification.  But to the
10  extent now that you see that there are potentially other
11  dismissal arguments that you would like to make, that
12  would be the motion that you would be refiling.

13  MR. MILES:  Okay.  Thank you for the
14  clarification.

15  THE COURT:  Yes.

16  MR. MILES:  I would have refiled all of them.
17  So the motion to suppress evidence, the motion to sever,
18  no need to refile that.

19  THE COURT:  To the extent that counts remain
20  the same.  If you say severing counts or whatever, I
21  don't know if they've renumbered the counts.  If not,
22  then I think that still stands.

23  MR. MILES:  Okay.

24  THE COURT:  Sever, suppress, suppress tangible
25  evidence and suppress identification.

1          MR. MILES:  Okay.

2          THE COURT:  Were the four that I thought were
3  sort of reserved.

4          MR. MILES:  Okay.

5          THE COURT:  And held.

6          MR. MILES:  Okay.

7          THE COURT:  And then the dismissed counts one
8  through seven, dismissing the indictment and the bill of
9  particulars I thought were mooted by the Court's prior
10 action.

11         MR. MILES:  Okay.

12         THE COURT:  But we can set a schedule now to
13 refile your motion to dismiss the superseding indictment
14 as you indicate.  You say you need two to three more
15 weeks to sort out the potential for a nontrial
16 disposition.

17         MR. MILES:  Correct.  A week and a half to two
18 weeks.  So four to five weeks out.

19         THE COURT:  So four to five weeks out is
20 bringing us into the end of April.  I could give you
21 until that last Friday in April, which is the 28th.

22         MR. MILES:  That's good, thank you.

23         THE COURT:  As the date for filing your
24 anticipated motion to dismiss the superseding indictment
25 if it will be necessary, if you have not yet been able

8

1   to resolve the matter in plea negotiations.

2            I don't know if the Speedy Trial clock is
3   running, but if it is in light of the representations
4   that you've made, I will find that it should be tolled
5   as we go through this process.  And certainly I think
6   because these motions are still pending it's being
7   tolled, but just in case I'm stating for the record that
8   it would be in the interest of justice to do so.

9            Let me hear from Ms. Suttenberg as to the
10  government's thoughts on this.  I assume that Mr. Miles
11  was adequately and accurately representing what you all
12  had discussed.

13           MS. SUTTENBERG:  That is correct, Your Honor.
14  And I also just wanted to state for the record that the
15  government had filed a -- well, the government actually
16  filed two motions as well.  We had filed a notice of
17  intent to admit the victim's prior reports of abuse as
18  nonhearsay evidence.  And we appeared before your Court
19  in November, we had asked that this Court hold that
20  motion in abeyance, and we would still request the same.
21  But we also had filed a motion to admit other crimes
22  evidence pursuant to 404(b), 413 and 414.  And I just
23  wanted to put the Court and defense counsel on notice
24  that we will actually be supplementing that notice, so
25  we'll refile that notice as a supplement.

1           THE COURT:  All right.  So would you refile it
2    then on that April 28 as well?
3           MS. SUTTENBERG:  That's fine.
4           THE COURT:  Okay.  And then you say we're
5    holding the other motion, and there were so many motions
6    in this case that I've lost track of them.  But you will
7    refile the 404(b) notice as of April 28.
8           MS. SUTTENBERG:  Yes.
9           THE COURT:  All right.
10          MS. SUTTENBERG:  Thank you.
11          THE COURT:  Okay.  So what I will do is permit
12   you all to continue to discuss and I guess what will be
13   hopeful is to have some idea as to whether or not you
14   have reached a nontrial disposition ahead of your
15   preparation of these motions.
16          MR. MILES:  We didn't say it, but the
17   anticipation is say let's if in a week we resolve it
18   we'll notify the Court that we have and set it for a
19   plea date.
20          THE COURT:  Okay.
21          MR. MILES:  But we'll notify the Court pretty
22   promptly.
23          THE COURT:  Thank you, that will be each
24   appreciated.  Anything else that we need to address in
25   this matter at this time?

BARBARA DE VICO, FOCR, CRR, RMR

10

MS. SUTTENBERG: I guess if motions are due April 28, should we set a date for responses?

THE COURT: Sorry. Good idea, yes. You know what I will do is I will in my order have the dates all set forward. It will probably be two or three weeks in response, but I'll lay it out in the written orders that I issue, all right?

MR. MILES: Thank you.

THE COURT: Thank you.

(Proceedings adjourned at 9:45 a.m.)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CERTIFICATE OF OFFICIAL COURT REPORTER

I, Barbara DeVico, certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

_____  8-12-19
SIGNATURE OF COURT REPORTER                 DATE

BARBARA DE VICO, FOCR, CRR, RMR